Lindsay Crawford, H. William Gross, Gloria Kauffman, Harry Schmidt and Allan Goodman, Assistant District Attorney of Northampton County, Plaintiffs, *v.* Commonwealth of Pennsylvania, Department of Health, J. Finton Speller, Secretary of Health; and Commonwealth of Pennsylvania, Department of Environmental Resources, Maurice K. Goddard, Secretary of Environmental Resources, Defendants.

Lindsay Crawford, H. William Gross, Gloria Kauffman, Harry Schmidt and Allan Goodman, Assistant District Attorney of Northampton County, Plaintiffs, *v.* Commonwealth of Pennsylvania Department of Health, J. Finton Speller, Secretary of Health; and Commonwealth of Pennsylvania, Department of Environmental Resources, Maurice K. Goddard, Secretary of Environmental Resources, Defendants.

Argued December 3, 1974, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*John C. Youngman, Jr.,* with him *Candor, Youngman, Gibson & Gault,* for plaintiffs.

*Norman P. D'Apolito,* Deputy Attorney General, with her, *Lawrence Silver,* Deputy Attorney General, and *Israel Packel,* Attorney General, for defendants.

OPINION BY JUDGE MENCER, May 6, 1975:

These cases are before us on Preliminary Objections filed by the defendants, the Pennsylvania Department of Health and the Pennsylvania Department of Environmental Resources, to a Complaint in Mandamus and to a Complaint in Equity filed by the plaintiffs on behalf of themselves and all other citizens of Pennsylvania who are not served by fluoridated water supply systems.

The facts are not in dispute. Plaintiffs allege that dental decay is a wide-spread disease which can be easily prevented or retarded by the addition of fluoride compounds to the drinking water. At present, however, many public water works companies have refused to fluoridate their water supplies. To date, the Commonwealth of Pennsylvania, Department of Health and the Department of Environmental Resources, has not proposed any regulations which would require public water supply companies to initiate a fluoridation program. As a result, plaintiffs complain that they, and many other persons similarly situated, are required to live in communities where they cannot drink fluoridated water.

Plaintiffs have brought their action in Mandamus requesting that the named departments, by their Secretaries, be ordered to alter the existing regulations governing the issuance of water works permits by adding a provision which will require fluoridation. Alternatively, they have filed a separate suit in Equity asking for an injunction to prevent the Commonwealth from authorizing any permit which does not include such a provision. In support of their position, plaintiffs argue that the Common-

wealth has a statutory duty to protect the health of its citizens, and that the prevention of dental decay falls within the scope of this duty.

Defendants have raised objections to the Complaints, by way of demurrer, to the effect that plaintiffs have failed to state a cause of action sufficient to obtain relief either in Mandamus or in Equity for the reason that plaintiffs have established no right to fluoridated water and because defendants are under no statutory duty to mandate fluoridation.

The chief statutory authority relied upon by the plaintiffs is Article XXI of The Administrative Code, Act of April 9, 1929, P.L. 177, §2102(a), *as amended,* 71 P.S. §532(a), which states:

"The Department of Health shall have the power, and its duty shall be:

"(a) To protect the health of the people of this Commonwealth, and to determine and employ the most efficient and practical means for the prevention and suppression of disease;"

Also relevant is Section 3 of the Water Supply Law, Act of April 22, 1905, P.L. 260, §3, 35 P.S. §713, which states in pertinent part:

"No municipal corporation, private corporation, company, or individual shall construct water works for the supply of water to the public within the State or extend the same, without a written permit, to be obtained from the Commissioner of Health *if, in his judgment, the proposed source of supply appears to be not prejudicial to the public health."* (Emphasis added.)

It should be noted that Article XIX-A of The Administrative Code, §§1901-A(7) and 1918-A, added by the Act of December 3, 1970, P.L. 834, No. 275, 71 P.S. §§510-1 (7) and 510-18 (Supp. 1974-75), transferred the powers and duties under the Water Supply Law, from the Department of Health to the Department of Environmental

Resources. These provisions effectively remove any responsibility for determining the propriety of issuing water works permits from the Department of Health and transfer that responsibility to the Department of Environmental Resources.

"[M]andamus lies where there is a clear legal right in the plaintiff and a corresponding duty in the defendant, and the act requested is not discretionary but only ministerial, [but] . . . mandamus will not lie *to control an official's discretion or judgment where that official is vested with a discretionary power." Garratt v. Philadelphia*, 387 Pa. 442, 448, 127 A.2d 738, 738-39 (1956). As stated by the Supreme Court in *Dechert v. Commonwealth*, 113 Pa. 229, 235, 6 A. 229, 231 (1886):

> "It is well settled that mandamus will lie to compel the performance by public officers of duties purely ministerial in their character, but it is equally well settled that as to all acts and duties necessarily calling for the exercise of judgment and discretion on their part, mandamus will not lie. Whilst the writ may perhaps be awarded to set the latter class of officers in motion, and to compel action upon the particular matters over which they may have jurisdiction, it will in no manner interfere with the exercise of that discretion nor control or dictate the judgment, or decision which shall be reached."

Can it be said, then, that the lack of fluoridated water state-wide is prejudicial to the health of the public so that the Secretary of Environmental Resources is under a duty to withhold permits from all water works installations which do not provide for fluoridation, and, furthermore, can it be said that plaintiffs have a clear legal right to the requested relief? We think not in both instances.

Without defining or otherwise considering whether the absence of state-wide fluoridation is "prejudicial to the public health," we think it clear that the legislature's use of the words "in his judgment" in Section 3 of the

Water Supply Law clearly indicates that the Secretary's decision is entirely within his discretion. Therefore, this action in Mandamus seeking alteration of the existing regulations governing the issuance of water works permits is clearly inappropriate.

Nor do we think it appropriate to enjoin the Secretary of Environmental Resources from authorizing any permit which does not include a provision requiring fluoridation. It is axiomatic that for the plaintiffs to have a clear legal right to such relief there must be a corresponding legal duty on the part of the Secretary to authorize permits. Since the Secretary's decision is discretionary, he has no duty to authorize such permits, and there cannot be a corresponding right to either force him to authorize a permit or to prevent him from doing so. Without such a right, plaintiffs cannot and have not stated a valid cause of action sufficient to support Equity jurisdiction.

Even if it could be concluded that the Department of Health has certain general residual obligations under Section 2102 (a) of The Administrative Code, 71 P.S. §532 (a), we feel constrained to agree with the Commonwealth that the general language of that section necessarily gives the Department of Health the discretion to determine for itself not only the circumstances under which such protection is needed but also the means which will most efficiently and practically prevent and suppress the disease of tooth decay. In essence, we are unwilling to compel the Secretary of either department to affirmatively exercise his discretion for the purpose of determining that dental decay is a wide-spread and significant disease which must be dealt with by introducing fluoridation on a state-wide level.

Although we consider the Commonwealth position (that it will not require municipal water works to *initiate* a program of fluoridation but that it will require them to *continue* fluoridation procedures once they have been established) as arbitrary, we are reluctant to sub-

stitute judicial discretion for administrative discretion. *See Blumenschein v. Pittsburgh Housing Authority,* 379 Pa. 566, 572-73, 109 A.2d 331, 334-35 (1954).

Therefore, for the above reasons, we make the following

ORDER

NOW, this 6th day of May, 1975, the defendants' preliminary objections in each of the above captioned cases are sustained and the plaintiffs' complaint in each case is dismissed.