**INMATES OF the ALLEGHENY COUNTY JAIL, Thomas Price Bey, Arthur Goslee, Robert Maloney, and Calvin Milligan on their own behalf and on behalf of all others similarly situated, Plaintiffs,**

v.

**Cyril H. WECHT, President of the Allegheny County Board of Prison Inspectors and the other members of the Board: Thomas Foerster and William H. Hunt, Commissioners for Allegheny County; Frank J. Lucchino, Controller for Allegheny County, Eugene Coon, Sheriff for Allegheny County; The Honorable Patrick R. Tamilia, Michael J. O'Malley and Marion K. Finkelhor, Judges, Court of Common Pleas of Allegheny County; Richard S. Caliguiri, Mayor of the City of Pittsburgh; Harriet McCray; Monsg. Charles Owen Rice and Charles Kozakiewicz, Warden of the Allegheny County Jail, and William B. Robinson, Executive Director of Prison Inspectors, and Cyril Wecht, Thomas Foerster and William H. Hunt, as Commissioners of Allegheny County, Defendants.**

Civ. A. No. 76–743.

United States District Court, W.D. Pennsylvania.

Oct. 20, 1983.

---

See also 565 F.Supp. 1278.

Timothy P. O'Brien, Edward J. Feinstein, Neighborhood Legal Services, Pittsburgh, Pa., and Jere Krakoff, Jackson, Miss., for plaintiffs.

James H. McLean, County Sol., Dennis Biondo, Asst. County Sol., Pittsburgh, Pa., for defendants.

## MEMORANDUM OPINION

COHILL, District Judge.

### Findings of Fact

Another milestone has been reached in the long and tortured history of this case.[1]

In our most recent comprehensive order, filed May 25, 1983, we directed that the inmate population of the Allegheny County Jail be reduced in a series of steps:

### Jail Population Limits

| Date | Males | Females |
| --- | --- | --- |
| July 1, 1983 | 650 | 60 |
| August 15, 1983 | 600 | 50 |
| October 1, 1983 | 550 | 40 |
| January 1, 1984 | 500 | 30 |

The July and August limits were met, but since August 15, 1983, there have been occasions when the population exceeded the limits set for that date, and the population has been almost constantly in excess of the limits set for October 1, 1983. (Defendants' Exhibits 1 and 2). On October 11, 1983, the population of the Allegheny County Jail was 585 males and 45 females —35 males and 5 females over the October 1 limit. (Defendants' Ex. 3).

We now have before us a motion of the defendants requesting an extension of time to comply with our order. The motion had originally been simply to delete from the Order the October 1, 1983, limit of 550 males and 40 females, leaving the January 1, 1984 limit in place. At the hearing on this motion held October 14, 1983, the defendants moved to amend, praying not only that the October 1, 1983, limit be deleted but that the January 1, 1984 deadline be moved back to March 1, 1984.

### Efforts of the County Commissioners

This case has taken on a community flavor. We have no doubt that the defendant County Commissioners have been using their best efforts to comply with the order. They have: (i) authorized the renovation of the County-owned Jones Law Building in Pittsburgh into an approximately 300-bed jail, with completion scheduled for 1985; (ii) authorized approximately $3 million to purchase and renovate the Downtown YMCA

---

**1.** *See Inmates of Allegheny County Jail v. Peirce,* 442 F.Supp. 1368 (W.D.Pa.1978); 457 F.Supp. 984 (W.D.Pa.1978); 612 F.2d 754 (3d Cir.1979); 487 F.Supp. 638 (W.D.Pa.1980); *sub. nom. Inmates of Allegheny County Jail v. Wecht* at 565 F.Supp. 1278 (W.D.Pa.1983).

into an interim jail facility; this purchase is still being negotiated, but if successfully completed, the County Commissioners anticipate being able to place inmates in it by March 1, 1984; if the Commissioners are unable to purchase the YMCA they will have to make other arrangements; (iii) authorized the construction of a thirty-to-forty bed group home for females in the Oakland section of the City; this is due for completion approximately four months after approval of the zoning request by the City which the County Commissioners believe and hope is imminent; (iv) contacted all municipalities in Allegheny County which have police lock-ups with a view toward renting cells on a space-available basis for people convicted of driving while intoxicated; negotiations are ongoing with some such municipalities; (v) made arrangements with several non-profit agencies both in and outside the City, including the Salvation Army, Goodwill Industries and Abraxas Foundation, to provide temporary housing for non-violent inmates.

This latter effort has been frustrated by the City Council of the City of Pittsburgh. Recently and suddenly the City has determined that these arrangements violate the occupancy permits of these various organizations. The City appears to have taken the position that a criminal defendant out on bond, conditioned in part that he remain in residence at a specified group home, is still a prisoner of the Allegheny County Jail. The Mayor of the City and City Council have modified their stance to the extent that they have indicated that they will consider applications from these organizations for occupancy permits for these organizations which specifically include providing shelter for non-violent jail inmates.

### The Court of Common Pleas

The judges of the Criminal Division of the Court of Common Pleas of Allegheny County have been fully cooperative in efforts to reduce the jail population, including holding in some instances, Saturday sessions to move cases along and to consider bond reduction requests. The members of that court are to be commended, but the court is undermanned and overwhelmed with the sheer volume of criminal cases. Additional judges are badly needed, and until such time as that court has additional judges, little help can be expected from that direction.

### Federal Prisoners

This Court has courthouses in Pittsburgh and Erie, Pennsylvania. Federal prisoners awaiting trial in Pittsburgh as well as those in custody for other reasons are routinely housed in the Allegheny County Jail. On October 11, 1983 there were eighteen federal prisoners in the Allegheny County Jail. (Defendants' Ex. 3). The United States has the option of making arrangements for the placement of prisoners in other jail facilities throughout the twenty-six counties which constitute the Western District of Pennsylvania.

■ While it will be inconvenient for lawyers, probation officers and the families of federal prisoners, the only federal prisoners who will be housed in the Allegheny County Jail will be those who are on trial, during their trial.

### County and State Prisoners

■ So long as this emergency exists, an arbitrary formula for the release of prisoners will have to be utilized. Unless the Court of Common Pleas of Allegheny County adopts a different method to select persons to be released in order to meet the population limits set by this Court's previous order, Director William B. Robinson and Warden Charles Kozakiewicz will be directed to release on their own recognizance the males and females, respectively, held in default of the lowest amount of bail, until the population limits set by the May 25, 1983 Order of this Court are met. It is hoped that Director Robinson and Warden Kozakiewicz will utilize any knowledgable members of the County Bail Bond Agency, Sheriff's Department or others to assist them in their task.

*Conclusions of Law*

We have decided to issue the Order we are about to enter with great reluctance. In the opinion accompanying our May 25, 1983, Order, we discussed the legal basis for setting the population limits at the Allegheny County Jail and see no reason to repeat them here. *See Inmates of Allegheny County Jail v. Wecht*, 565 F.Supp. 1278 (W.D.Pa.1983).

We had hoped that within the time constraints set forth in that Order, the various county officials would have been able to obtain suitable alternatives. Despite using their best efforts this has not been possible. In no way should this Opinion and Order be construed by the defendants as reason for them to relax their efforts to purchase the YMCA as an interim facility and to obtain additional housing as required. Although there has been some reduction in population, the dangerously overcrowded condition of the jail is just as serious today as it was on May 25, 1983. It is the duty of the County to house prisoners, and any release of prisoners as a result of this order should be recognized as a final, albeit temporary, effort to ameliorate the situation, not as a solution to the problem. This entire situation will again be reviewed by us on or before March 1, 1984 to ascertain how successful the County officials have been in arranging for interim facilities.

While we impose this Order with reluctance, we have no doubt of the inherent power of this Court to do so. We have already determined that the conditions in the Allegheny County Jail are unconstitutional. The vast majority of the inmates are state prisoners. Nevertheless, "No state law or act can prevail in the face of contrary federal law, and the federal courts must search out the fact and truth of any proceeding or transaction to determine if the Constitution has been violated [citations omitted.]" *Evans v. Abney*, 396 U.S. 435, 443–44, 90 S.Ct. 628, 632–633, 24 L.Ed.2d 634 (1970).

The order required by these circumstances has precedent. *Duran v. Elrod*, 713 F.2d 292 (7th Cir.1983). *See also Benjamin v. Malcolm*, 564 F.Supp. 668 (S.D.N.Y. 1983).

An Order consistent with these Findings of Fact and Conclusions of Law will be entered.

## ORDER

AND NOW, to-wit, this 20th day of October, 1983, it is hereby ORDERED, ADJUDGED and DECREED that:

1. Defendants' Motion Requesting an Extension of Time to Comply with Order of Court be and the same hereby is DENIED.

2. Plaintiffs' Request to Dismiss Defendants' Motion for Extension; and/or in the Alternative Plaintiff's Request Additional Relief to Ensure Compliance with the Orders of this Court be and the same hereby is GRANTED to the extent provided in this Order.

3. Pending further order of court, no federal prisoners shall be housed in the Allegheny County Jail except during the time such prisoner is standing trial. Federal prisoners scheduled for trial may be brought to the Allegheny County Jail no sooner than the day before their trial is scheduled to begin, and shall be removed from said Allegheny County Jail no later than the day after their trial is over.

4. If, by November 1, 1983, the Court of Common Pleas of Allegheny County, Pennsylvania, has not specified a different method of bringing the population of Allegheny County Jail into compliance with this Court's Order of May 25, 1983, then Director William B. Robinson and Warden Charles Kozakiewicz be and hereby they are directed to release on their own recognizance the males and females, respectively, held in default of the lowest amount of percentage bail. This process shall continue until the female and male segments of the jail population are in conformity with said Court Order, i.e., 550 males and 40 females. In the event that there is more than one inmate held on the same amount of bail, and only one of them should be

released under this formula, the one who was confined the longest shall be released.

This process shall be repeated any time the female or male segment of the jail population exceeds the October 1, 1983 limit.

5. In the event the Allegheny County Jail population exceeds 500 males and 30 females on January 1, 1984, the process set forth in paragraph 4 will be repeated.

6. The effective date of this Order will be November 1, 1983.

7. This Order will be reviewed on or before March 1, 1984.