Equitable Gas Company, a division of Equitable Resources, Inc., Petitioner v. Commonwealth of Pennsylvania, Pennsylvania Department of Transportation et al., Respondents.

592

Argued November 15, 1985, before Judges Mac-Phail and Colins, and Senior Judge Blatt, sitting as a panel of three.

*Dennis J. Lewis,* with him, *George E. Yokitis* and *Robert M. Lucas, Alder, Cohen & Grigsby, P.C.,* and *Carroll F. Purdy,* with him, *Charles E. Thomas, Thomas & Thomas,* and Of Counsel: *Lawrence B. Nydes,* for petitioner.

*Michael H. Kline,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, for respondents, Pennsylvania Department of Transportation and Thomas D. Larson.

*Craig A. Doll,* for respondents, Dane Baird Investments, Inc., and PFP Pipeline Company.

*Norman James Kennard,* with him, *Richard J. Gmerek, Tucker Arensberg, P.C.,* for respondents,

Guardian Industries Corporation and J. W. Wells Acquisition Corp.

OPINION BY JUDGE COLINS, February 4, 1986:

Defendants, the Pennsylvania Department of Transportation (DOT), DOT Secretary Thomas D. Larson (Secretary), Dane Baird Investments (DBI), Dane Baird (Dane Baird), PFP Pipeline Co. (PFP), Guardian Industries Corp. (Guardian), and J. W. Wells Acquisition Corp. (J. W. Wells), have filed preliminary objections in the nature of a motion to dismiss a petition for review filed by Equitable Gas Co. (petitioner). The petition seeks equitable and mandamus relief invalidating a highway occupancy permit issued by the DOT to defendants PFP, Guardian, and J. W. Wells on the grounds that it was not issued in accordance with Section 411 of the State Highway Law,[1] and the regulations promulgated thereunder.[2]

Petitioner, a natural gas supplier whose largest customer in percentage sales is Guardian's glass making facility in Western Pennsylvania, ultimately seeks by this action to halt construction of a three-mile natural gas pipeline being built by J. W. Wells, contractor for Guardian, along the permit path. The pipeline would bring gas on stream to Guardian's facility from Carnegie Natural Gas Co., a competitor of petitioner not a party to this action. The loss of Guardian's business as a result of the new gas flow from Carnegie is the harm alleged by petitioner as a basis for this action.

Guardian first employed PFP, an entity owned by Dane Baird and DBI, to build the pipeline. In order to commence construction, Dane Baird and PFP first had to seek a highway occupancy permit as per the

---

[1] Act of June 1, 1945, P.L. 1242, as amended, 36 P.S. §670-411.
[2] See 67 Pa. Code §§459.1-459.11.

applicable DOT regulations.[3]  The application was made in late September of 1984 and the permit granted in early November of 1984.  In February of 1985, Dane Baird and PFP transferred the permit to Guardian, who thereafter reassigned it to J. W. Wells.  DOT approved these transactions in May of 1985.

Petitioner contends that the permit was not issued in accordance with the applicable statute and DOT regulations and further argues that it will be irreparably harmed if the pipeline is completed and gas flows from Carnegie to Guardian, since Guardian is its biggest customer.  After two days of hearings during which testimony, exhibits, and arguments of both sides were received, this Court denied petitioner's requests for preliminary injunctive and mandamus relief.[4]

Prior to the injunction hearing, defendants had filed these preliminary objections, seeking dismissal of the action, asserting: (1) petitioner has no standing to challenge the permit issuance; (2) the petitioner has an adequate remedy at law; (3) the matter is not properly within the original jurisdiction of the Court, being in the nature of a petition for agency review properly addressed to this Court's appellate jurisdiction; (4) the petition is not timely filed to enable agency review within the appellate jurisdiction of this Court; and (5) Carnegie is an unjoined indispensable party to the action.  In addition, defendants seek to strike certain paragraphs of the petition as irrelevant and immaterial.[5]  Since we agree that peti-

---

[3] See 67 Pa. Code §459.3.

[4] On June 28, 1985, MACPHAIL, J., denied preliminary injunctive relief.  Hearings were held July 23, 1985, and July 24, 1985, in Harrisburg, Pennsylvania, before COLINS, J., and on July 25, 1985, COLINS, J., issued an order denying injunctive relief.

[5] Numbers 21, 28, 34, and 39.

tioner lacks standing, we need not consider respondents' other arguments.

The requirements of standing to bring an action before this tribunal are: (1) the plaintiff must have a direct, immediate, and substantial interest in the matter to be adjudicated, *Snelling v. Department of Transportation*, 27 Pa. Commonwealth Ct. 276, 366 A.2d 1298 (1976); and (2) there must be a direct causal connection between the act complained of and the harm alleged, *Bahian v. Department of Public Welfare*, 89 Pa. Commonwealth Ct. 644, 493 A.2d 803 (1985). *See William Penn Parking Garage, Inc. v. City of Pittsburgh*, 464 Pa. 168, 346 A.2d 269 (1975). Petitioners fail on both counts under this test.

Initially, we observe that the identical DOT regulation under which petitioners seek to challenge issuance of the permit, 67 Pa. Code §459.3(b), has been construed by this Court so as not to give standing to a township challenging the permit and bond requirements imposed on its contracted private developer. *South Whitehall Township v. Department of Transportation*, 82 Pa. Commonwealth Ct. 217, 475 A.2d 166 (1984). Petitioner's claim on the merits is that defendants were not Public Utility Commission (PUC) certified utilities, and lacked capacity to be awarded permits under 67 Pa. Code §459.3(b), which states:

> *Who May Execute Applications.* If a corporation, authority, political subdivision, or other person in the business of providing utility service owns or operates the facility: the application shall be submitted in the name of and executed by such party. Applications shall not be submitted in the name of the contractors of the owner or operator nor in the name of the persons being serviced by the facility.

*Id.* To succeed on the merits of this claim, petitioner must first have a right of standing to challenge a permit issued under 67 Pa. Code §459.3(b). This identi-

cal regulation was construed in *South Whitehall* so as not to give standing to a third party challenging DOT permit requirements. We feel that this precedent should be followed here where a third party seeks to challenge a DOT decision to issue a permit to a particular entity. The same regulation, 67 Pa. Code §459.3(b), is at issue and the same rule of standing should logically apply to both cases.

The interest which petitioner alleges, while arguably substantial, is not direct or immediate. Our decisions since *Snelling* have spoken to what constitutes a direct or immediate interest. *See Chester Upland School District v. Commonwealth of Pennsylvania,* 90 Pa. Commonwealth Ct. 464, 495 A.2d 981 (1985); *Farmland Industries, Inc. v. Penn Dairies, Inc.,* 81 Pa. Commonwealth Ct. 340, 473 A.2d 730 (1984). The harm which petitioner alleges is not one which flows directly from the issuance of the permit to work the roads or from a physical invasion of a property interest as a result of actual construction work. The permit procedure is not designed to minimize competitive harms, but rather is aimed at potential damage to adjacent land or the highway itself occasioned by the physical construction of the pipeline.[6] The regulations are designed primarily to prevent damage steming from a direct physical invasion of surface or subsurface features by the constructing permittee and its agents or contractors; the economic harms alleged by petitioner will occur long after the construction is finished and only after natural gas is actually flowing through the completed pipeline.

The above analysis makes clear that petitioner also fails the standing test of direct causation for the same

---

[6] The regulations primarily speak to issues of traffic control plans, blasting bonds, environmental impact, OSHA restrictions, Title VII restrictions, and potential damage to vegetation, highways, traffic, subsurface features, surface structures, and so forth. *See* 67 Pa. Code §§459.(e) ; 459.3(f) ; 459.7 generally.

reasons that its interest is not direct and immediate. The granting of the permit, while arguably a proximate cause of the alleged harm, is far from a direct cause and close to a "remote consequence of the judgment." *See Snelling*, 27 Pa. Commonwealth Ct. at 283, 366 A.2d at 1302.[7]

Consequently, petitioner lacks standing to challenge the legality of the DOT action.

Finally, with respect to the mandamus prayer of the petition, the issuance of a highway occupancy permit by the DOT is governed by statute and regulations which require the use of discretion by the agency.[8] Mandamus does not lie because there is no clear legal right owing to petitioner regarding the performance of a purely ministerial function. *See Madden v. Jeffes*, 85 Pa. Commonwealth Ct. 414, 482 A.2d 1162 (1984); *County of Allegheny v. Commonwealth of Pennsylvania*, 85 Pa. Commonwealth Ct. 73, 480 A.2d 1330 (1984), vacated and remanded on other grounds, 507 Pa. 360, 490 A.2d 402 (1985). Consequently, petitioner cannot maintain any part of the action before this Court.

The petition will be dismissed.

## ORDER

AND Now, February 4, 1986, the preliminary objections of the Department of Transportation are hereby sustained and the petition for review, No. 1596 C.D. 1985, is dismissed.

---

[7] Petitioner cites *In re El Rancho Grande, Inc.*, 496 Pa. 496, 437 A.2d 1150 (1981) in favor of granting standing here, but that case is not analogous because the agency in that case, the Pennsylvania Liquor Control Board, directly regulated competition among various businesses, amongst which petitioner was one. Thus, competitive injury did suffice to confer standing. Here, by contrast, the analogous agency would be the PUC, not DOT, and consequently the same logic would not apply to confer standing upon petitioner.

[8] *See* notes 1 and 2, *e.g.*, 67 Pa. Code §459.3(h) (DOT has authority to reject any application).