# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sean M. Donahue, :
                 Petitioner :
                 :
        v. : No. 84 M.D. 2020
                 : SUBMITTED: August 28, 2020
State Civil Service Commission :
(Department of Human Services), :
             Respondent :

OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM                                    FILED: October 21, 2020

Before this Court are the Department of Human Services' (DHS) Preliminary Objections to Sean M. Donahue's Petition for Review/Complaint in Mandamus (Petition for Review) filed in this Court's original jurisdiction. In his *pro se* Petition for Review, Mr. Donahue asks this Court to compel DHS to produce the documents requested in the Subpoena *Duces Tecum* (Subpoena) that the State Civil Service Commission (Commission) issued to DHS on January 15, 2020. In its Preliminary Objections, DHS seeks a demurrer, averring that Mr. Donahue's Petition for Review fails to state a claim for which relief can be granted. We agree with DHS and, therefore, sustain its Preliminary Objections and dismiss Mr. Donahue's Petition for Review.

## Background

This original jurisdiction matter arises from an appeal presently pending before the Commission (Appeal No. 30412), in which Mr. Donahue challenges a determination by the Governor's Office of Administration (OA) that Mr. Donahue was ineligible for an employment position with DHS.[1] In his underlying appeal, Mr. Donahue claims that DHS "is engaging in illegal hiring practices" and "discriminating

---

[1] In 2018, Mr. Donahue had applied for a position as an Income Maintenance Caseworker in DHS's Hazleton Assistance Office. Pet. for Review, ¶ 28.

and retaliating against [him] because it does not like [his] political and religious beliefs and because [he is] a White non[-]Spanish[-]speaking individual . . . from Hazleton, instead of being a non-White Spanish[-]speaking individual from another country." Pet. for Review, Attach. (unnumbered).

On January 8, 2019, Mr. Donahue filed a Request for Subpoena *Duces Tecum* with the Commission, which the Commission granted in part as modified. Donahue Answer to Prelim. Objs., Attachs. 1 and 5.[2] On January 15, 2020, the Commission issued the Subpoena, directing DHS to produce the following documents:

1. The number of applicants who sought welfare and any other form of assistance from the Hazleton County Assistance Office during each quarter for the years 2018 through the present who spoke English;

2. The number of applicants who sought welfare and any other form of assistance from the Hazleton County Assistance Office during each quarter for the years 2018 through the present who only spoke Spanish;

3. The number of applicants who sought welfare and any other form of assistance from the Hazleton County Assistance Office during each quarter for the years 2018 through the present who spoke English but preferred to speak Spanish;

4. The identity of each employee hired to fill an open Spanish language Income Maintenance Caseworker position in the Hazleton County Assistance Office for the years 2018 through the present;

5. The identity of each employee hired to fill an open English language Income Maintenance Caseworker position for the years 2018 through the present;

---

[2] The Commission explained its ruling to Mr. Donahue as follows: "The scope of the documents sought has been limited to the period 2018 to the present. Items 6 and 9 of your [subpoena] request are denied because you have not provided sufficient information explaining how these requests are connected to your appeal [before the Commission]." Donahue Answer to Prelim. Objs., Attach. 1.

6. Please list each Spanish-speaking Income Maintenance Caseworker position that was filled from the year 2018 through the present;

7. Please list each English-speaking Income Maintenance Caseworker position that was filled from the year 2018 through the present;

8. Any and all job announcements used to fill the Income Maintenance Caseworker position in the Hazleton County Assistance Office from 2018 through the present and identify whether the position is Spanish or English speaking.

Donahue Answer to Prelim. Objs., Attach. 1.[3]  The cover page of the Subpoena also stated:

If the custodian of records served with this subpoena is unable to provide the documents within the five (5) workday deadline, contact the party who subpoenaed the documents.

Failure to comply with a lawfully issued and served subpoena could lead to enforcement at Commonwealth Court, including contempt proceedings.

*Id.*  Mr. Donahue served the Subpoena on DHS on January 21, 2020.  Donahue Answer to Prelim. Objs., ¶ 4.

On February 6, 2020, DHS responded to the Subpoena, stating, as to each item, either "No documents [are] responsive to this request," or "No documents responsive to this request [are] in the custody and control of DHS."  Donahue Answer to Prelim. Objs., Attach. 2.  In its accompanying cover letter to Mr. Donahue, DHS further explained its reasons for denying the Subpoena requests as follows:

As to the request for data on Applicants and/or Recipients of public assistance benefits, *a Subpoena duces tecum applies only to existing documents: it does not require a Custodian of Records to create new documents, reports, or compilations. Nor[] does it require a Custodian of Records to obtain document[s] from another source.*

---

[3] The Commission issued an identical subpoena to the OA.  Donahue Answer to Prelim. Objs., ¶ 3.

Nevertheless, if such documents did exist, they would be prohibited from disclosure to you under the current Subpoena due to their protective status under the Health Insurance P[ortability] and A[ccountability] Act [of 1996] (HIPAA).

As to the request for documentation of employment-related eligibility and selection processes, *the creation, use, and maintenance, of such documentation is a function of Human Resources personnel employed with the [OA]*, not [DHS], and thus, *such documentation, if any, is not in the custody or control of DHS*.

*Id.* (emphasis added).

On February 11, 2020, Mr. Donahue filed his Petition for Review with this Court, "seeking a *writ of mandamus* to compel DHS to honestly adhere to the requirements of [the Subpoena] that has already been granted, served and inappropriately responded to by DHS." Donahue Answer to Prelim. Objs., ¶ 10 (italics in original). In his Petition for Review, Mr. Donahue avers "that [DHS's] responses to the [S]ubpoena are all lies" and that DHS should "have provided an affidavit attesting to the validity of [its] claims under penalty of perjury." Pet. for Review, ¶ 9. On February 24, 2010, DHS filed its Preliminary Objections to the Petition for Review, seeking a demurrer for failure to state a claim.[4] Both parties have also filed briefs in support of their respective positions with this Court.

---

[4] Our Court has explained:

In ruling on preliminary objections, we must accept as true all well-pleaded material allegations in the petition for review, as well as all inferences reasonably deduced therefrom. [We] need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. In order to sustain preliminary objections, it must appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them.

A preliminary objection in the nature of a demurrer admits every well-pleaded fact in the complaint and all inferences reasonably deducible therefrom. It tests the legal

**(Footnote continued on next page…)**

4

## Analysis

"Mandamus is an extraordinary remedy designed to compel the performance of a ministerial act or a mandatory duty." *Orange Stones Co. v. City of Reading, Zoning Hearing Bd.*, 32 A.3d 287, 290 (Pa. Cmwlth. 2011). The party seeking this extraordinary remedy has the burden of proving his or her legal right to such relief. *Baron v. Dep't of Human Servs.*, 169 A.3d 1268, 1272 (Pa. Cmwlth. 2017) (*en banc*), *aff'd*, 194 A.3d 563 (Pa. 2018). To state a claim for mandamus relief, the petitioner must establish: (1) a clear legal right to relief; (2) a corresponding duty in the respondent; and (3) the lack of any other adequate and appropriate remedy. *Id.*

First, DHS asserts that Mr. Donahue does not have a clear legal right to judicial enforcement of the Subpoena, as the right of enforcement lies exclusively with the Commission. We agree.

The statute commonly known as the Civil Service Reform Act (Act), 71 Pa. C.S. §§ 2101-3304,[5] expressly authorizes the Commission to seek judicial enforcement of its subpoenas. Specifically, Section 3102(c) of the Act states: "A judge of a court of record shall, *upon proper application of the [C]ommission, compel* the attendance of witnesses, *the production of books and papers* and the giving of testimony before the [C]ommission by attachment for contempt, or otherwise, in the same manner as production of evidence may be compelled before the court." 71 Pa. C.S. § 3102(c)

sufficiency of the challenged pleadings and will be sustained only in cases where the pleader has clearly failed to state a claim for which relief can be granted. . . .

*Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010) (citations omitted). Further, in ruling on preliminary objections, we "may not only consider the facts pled in the complaint, but also any documents or exhibits attached to it." *Allen v. Dep't of Corr.*, 103 A.3d 365, 369 (Pa. Cmwlth. 2014).

[5] The General Assembly repealed the former Civil Service Act by the Act of June 28, 2018, P.L. 460, effective March 28, 2019. The provisions of the former Civil Service Act are now found in Title 71, Part III, of the Pennsylvania Consolidated Statutes, commonly known as the Civil Service Reform Act, as enacted by the Act of June 28, 2018, P.L. 460.

(emphasis added); *see also* 4 Pa. Code § 105.14a (outlining the procedure for a litigant before the Commission to request and obtain subpoenas).

Thus, under the plain language of the Act, the Commission – not Mr. Donahue – has the legal right to seek judicial enforcement of the Subpoena. *See also Pa. Human Relations Comm'n v. Lansdowne Swim Club*, 526 A.2d 758, 760 (Pa. 1987) ("In a subpoena enforcement proceeding, the action is brought *by an agency of the Commonwealth . . . .*") (emphasis added); *In re Subpoena of Pa. Crime Comm'n*, 309 A.2d 401, 404 (Pa. 1973) (noting that private individuals "cannot contest the validity of the subpoena *until the [Crime] Commission invokes enforcement procedures* in either the Courts of Common Pleas or the Commonwealth Court," as there is a "specific statutory remedy" for the Crime Commission to seek enforcement of its subpoenas) (emphasis added).

In his Answer to the Preliminary Objections, Mr. Donahue contends that "[the Commission] has no right to enforce a subpoena," citing *Mondevergine v. Civil Service Commission*, 529 A.2d 1180 (Pa. Cmwlth. 1987). Donahue Answer to Prelim. Objs., ¶ 12. However, *Mondevergine* involved a subpoena issued by the Civil Service Commission of the City of Philadelphia (City), *not* the State Civil Service Commission. Unlike the State Civil Service Commission, whose authority to seek enforcement of its subpoenas is expressly governed by the Act, the authority of the City's Civil Service Commission to enforce subpoenas is not governed by statute, but by the City's Home Rule Charter. We explained in *Mondevergine* that, under the City's "Home Rule Charter, a party wishing to enforce a subpoena [issued by the City's Civil Service Commission] for the production of documents must seek such enforcement through the Court of Common Pleas of Philadelphia County." *Id.* at 1185. As such, *Mondevergine* is factually distinguishable from this case. Mr. Donahue cites no other statute or precedent that authorizes him to seek judicial enforcement of the Commission's

6

Subpoena in this Court. Therefore, we conclude that Mr. Donahue has not established a clear legal right to relief.[6]

Next, DHS asserts that because it has already performed its duty owed to Mr. Donahue by timely and appropriately responding to the Subpoena, mandamus relief is improper. We agree.

As explained above, "[m]andamus is an extraordinary writ, reserved for those instances where an agency has *failed or refused to perform a ministerial act or a mandatory duty*." *MFW Wine Co., LLC v. Pa. Liquor Control Bd.*, 231 A.3d 50, 56 (Pa. Cmwlth. 2020) (single-judge opinion) (emphasis added). Moreover, "mandamus will not lie to control an official's discretion or judgment where that official is vested with a discretionary power." *Crawford v. Dep't of Heath*, 338 A.2d 727, 729 (Pa. Cmwlth. 1975) (citation omitted) (emphasis removed). Rather, mandamus may be used to compel an agency to act *only* when the agency has been "sitting on its hands." *Pa. Dental Ass'n v. Ins. Dep't*, 516 A.2d 647, 652 (Pa. 1986); *see Crawford*, 338 A.2d at 729 (stating that while mandamus relief may be granted "to compel action upon the particular matters over which [public officials] may have jurisdiction, it will in no manner interfere with the exercise of that discretion nor *control or dictate the judgment[] or decision which shall be reached*") (citation omitted) (emphasis added).

---

[6] Throughout his brief, Mr. Donahue maintains that the Commission "refused" to file a subpoena enforcement proceeding, thereby necessitating his filing of the instant Petition for Review. *See* Donahue Br. in Opp. to Prelim. Objs. at 20, 25-26, 32, 35. However, there is no indication in the record that Mr. Donahue asked the Commission to pursue an enforcement proceeding, or even inquired with the Commission about judicial enforcement, before he filed this mandamus action. Rather, the record shows that *after* he filed his Petition for Review with this Court, Mr. Donahue sent an email to the Commission, stating: "Attached is the Petition [for Review] that I filed regarding DHS's response to the [S]ubpoena at [Appeal No.] 30412. I could not find case law stating that [the Commission] has the power to enforce a subpoena. . . . So[] I decided that going to the court was the best option and the proper path." Donahue Br. in Opp. to Prelim. Objs., Bates Stamp 42. The Commission responded that, at that time, it could not "offer legal advice regarding the enforcement of a subpoena" and "any issues you wish to raise pertaining to Appeal No. 30412 may be raised at the hearing [before the Commission]." *Id.*

Here, the Commission issued the Subpoena to DHS, directing DHS to make the requested documents available to Mr. Donahue "no later than five (5) work days following service of the subpoena at or prior to the hearing scheduled for" March 12, 2020. Donahue Answer to Prelim. Objs., Attach. 1. The Subpoena also directed that if DHS could not "provide the [requested] documents within the five (5) work[]day deadline," it must "contact the party who subpoenaed the documents." *Id.* The record shows that DHS timely responded to the Subpoena, explaining that it was unable to produce the requested documents because either: (1) documents containing the requested information did not exist; or (2) the requested documents were not in DHS's possession or control. *Id.* DHS also notified Mr. Donahue in writing of the reasons why it could not produce the requested documents. *Id.* This is not a situation where DHS merely "sat on its hands" and refused to comply with the Subpoena's directive, thereby warranting mandamus relief.[7] Instead, DHS reviewed the Subpoena requests, determined that the requested documents could not be produced, and timely notified Mr. Donahue of the reasons why. Simply because Mr. Donahue was dissatisfied with DHS's exercise of its judgment in responding to the Subpoena does not entitle him to mandamus relief. *See Daset Mining Corp. v. Ercole*, 413 A.2d 780, 781 (Pa. Cmwlth. 1980) ("Once an official or agency has exercised its discretion, *a party who is dissatisfied with the result may not seek to compel a different result through mandamus*[] . . . .") (citation omitted) (emphasis added).

---

[7] As our Supreme Court explained in *Pennsylvania Dental Association*, "mandamus is chiefly employed to compel the performance *(when refused)* of a ministerial duty, or to compel action *(when refused)* in matters involving judgment and discretion." 516 A.2d at 652 (emphasis added).

8

Therefore, because the record shows that DHS complied with the Commission's directive in responding to the Subpoena, DHS owes Mr. Donahue no further duty that could be compelled through mandamus.[8]

## **Conclusion**

In sum, we conclude that Mr. Donahue failed to prove that he has a clear legal right to relief or that DHS owes him a corresponding duty.[9]  Accordingly, because he failed to satisfy the requirements for mandamus relief, we sustain DHS's Preliminary Objections and dismiss Mr. Donahue's Petition for Review.

---

[8] In his Petition for Review, Mr. Donahue also repeatedly avers that DHS "lied" in its responses to the Subpoena requests because the responses purportedly contradicted statements made by DHS officials in two prior appeals before the Commission.  Pet. for Review, ¶¶ 9-11; *see also* Donahue Answer to Prelim. Objs., ¶¶ 13, 20.  While we must accept as true all well-pled material facts in ruling on preliminary objections in the nature of a demurrer, we need not – and will not – accept as true argumentative allegations or expressions of opinion in a petition for review.  *See Torres*, 997 A.2d at 1245.  In any event, contrary to Mr. Donahue's contention that DHS was required to produce an affidavit attesting to the veracity of its responses, *see* Pet. for Review, ¶ 9, neither the Commission's regulations nor the General Rules of Administrative Practice and Procedure require such an affidavit.  *See generally* 4 Pa. Code § 105.14a; 1 Pa. Code § 35.142.

[9] Because Mr. Donahue failed to satisfy the first two requirements for mandamus relief, we need not address whether he has an adequate alternative remedy.

9

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sean M. Donahue,      :
      Petitioner  :
           :
    v.       : No. 84 M.D. 2020
           :
State Civil Service Commission :
(Department of Human Services), :
      Respondent :

**PER CURIAM**

# **O R D E R**

AND NOW, this 21ˢᵗ day of October, 2020, we hereby SUSTAIN the Preliminary Objections filed by the Department of Human Services and DISMISS the Petition for Review/Complaint in Mandamus filed by Sean M. Donahue.