Pennsylvania Barber Schools, Inc., Plaintiff, *v.* Anthony Alfano, Thomas C. Bigler, Stanley O. Thomas and Robert V. Vavro, individually and acting as State Board of Barber Examiners, c/o Department of Professional and Occupational Affairs, Defendants.

Argued March 5, 1975, before President Judge Bow-
MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON,
JR., MENCER, ROGERS and BLATT.

*Benjamin F. Levy,* with him *C. Max Ivins,* for plain-
tiff.

*Robert E. Rains,* Deputy Attorney General, with him
*Robert P. Kane,* for defendants.

OPINION BY JUDGE WILKINSON, March 20, 1975:
This matter is before us in our original jurisdiction.
Plaintiff, an incorporated association of barber schools
operating in Pennsylvania, filed a petition for declaratory
judgment, seeking to have this Court declare Section 3(a)
of the Act of June 19, 1931, P.L. 589, *as amended,* 63
P.S. §553(a) unconstitutional. The basis of the challenge
is that pupils in plaintiff's barber schools are required to
serve a substantial apprenticeship, whereas students who
attend schools of cosmetology are not so required. We do
not reach the merits of this challenge, for the defendants
have filed preliminary objections raising the question of

whether plaintiff has standing to bring this action. We must sustain the preliminary objections.

This action is instituted under the provisions of the Uniform Declaratory Judgments Act, Act of June 18, 1923, P.L. 840, *as amended,* 12 P.S. §831 et seq. Section 2 of that Act, 12 P.S. §832, provides:

"Any person interested under a deed, will, written contract, or other writings constituting a contract, or *whose rights, status, or other legal relations are affected by a statute,* municipal ordinance, contract, or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise, and obtain a declaration of rights, status, or other legal relations thereunder." (Emphasis supplied.)

The law is quite clear in Pennsylvania that the fact that plaintiff will be generally adversely affected does not in itself put plaintiff in the class authorized to seek a declaratory judgment. The Pennsylvania law with regard to standing to bring an action for a declaratory judgment raising a constitution issue is ably and completely reviewed by then Justice, now Chief Justice, JONES in *Kauffman v. Osser,* 441 Pa. 150, 271 A.2d 236 (1970).

The plaintiff attempts to avoid the impediments of the existing law by relying on the recent Supreme Court of Pennsylvania decision in *Moore v. Jamieson,* 451 Pa. 299, 306 A. 2d 283 (1973). In that case, the issue was the propriety of Rule 301 of the Philadelphia Court of Common Pleas which then prohibited an attorney from representing more than 10 criminal defendants under specified circumstances. The plaintiff, Moore, was an attorney who challenged the Rule, both from his position as an attorney and from the client's right to select an attorney. The Supreme Court of Pennsylvania allowed the action but observed that the right to raise the question of the infringement of the client's rights,

without a client joining as plaintiff, was questionable. In particular, Justice NIX, speaking for the majority, specifically stated that this question was not seriously raised or argued:

> "It is also significant that respondent registered only a perfunctory one-sentence challenge to petitioner's standing." 451 Pa. at 307, 306 A.2d at 287.

Here, the individuals whose rights are being infringed, if any rights are being infringed, are the students who are required to do the apprenticeship. Unlike Moore, who had a direct interest as an attorney as well as a collateral interest with regard to clients, the plaintiff here has no direct interest but only the collateral interest of the students.[1]

---

1. For similar rulings of the Supreme Court of the United States, see *Sierra Club v. Morton*, 405 U.S. 727 (1972). *See also California Bankers Assn. v. Schultz*, 416 U.S. 21, 44-45 (1974), wherein the Court stated:

> "We entertain serious doubts as to the standing of the plaintiff California Bankers Association to litigate the claims which it asserts here. Its complaint alleged that it is an unincorporated association consisting of 158 state and national banks doing business in California. So far as appears from the complaint, the Association is not in any way engaged in the banking business, and is not even subject to the Secretary's regulations which it challenges. While the District Court found that the Association sued on behalf of its member banks, the Association's complaint contains no such allegation. The Association seeks to litigate not only claims on behalf of its member banks, but also claims of injury to the depositors of its member banks. Since the Government has not questioned the standing of the Association to litigate the claims peculiar to banks, and more importantly since plaintiff Security National Bank has standing as an affected bank, and therefore determination of the Association's standing would in no way avoid resolution of any constitutional issues, we assume without deciding that the Association does have standing." (Citations omitted.)

Accordingly, we enter the following

ORDER

Now, March 20, 1975, the preliminary objections of the defendant are sustained and the plaintiff's petition for declaratory judgment is dismissed.