Upper Bucks County Vocational-Technical School Education Association et al., Appellants *v.* Upper Bucks County Area Vocational-Technical School Joint Committee et al., Appellees.

Argued March 2, 1982, before President Judge CRUMLISH, JR. and Judges ROGERS, BLATT, MACPHAIL and DOYLE.

*Catherine C. O'Toole,* for appellants.

*John J. Hart,* with him *John M. Demcisak* and *Claire G. Biehn,* for appellees.

*Donna S. Weldon,* Counsel, and *Michael A. Davis,* Chief Counsel, for Amicus Curiae, Department of Education.

OPINION BY JUDGE DOYLE, September 16, 1982:

This is an appeal from an order of the Court of Common Pleas of Bucks County dated May 27, 1981, which dismissed, in response to the filing of preliminary objections,[1] an action for a declaratory judgment on the question of whether the Upper Bucks County Vocational-Technical School Joint Board (Board)[2] must

---

[1] We note that although the court of common pleas sustained the preliminary objections, it felt compelled to enter an oral adjudication on the merits of the action at the conclusion of its May 13, 1981, hearing. Exceptions to this adjudication were filed, and on May 27, 1981, the court entered the written opinion and order currently before us which sustained the preliminary objections and which reduced the court's oral adjudication to writing. An appeal from this order was subsequently taken to this Court at 1356 C.D. 1981 which is the appeal here under review. Thereafter, on May 28, 1981, the court of common pleas, sitting en banc, entered an order dismissing the exceptions to its adjudication. A new appeal was taken from this order to this Court at 1360 C.D. 1981, and although the parties have apparently treated it as such, it has not been consolidated with the appeal currently before us, and hence cannot be disposed of here.

[2] The Board was created by the Palisades, Pennridge and Quakertown school districts to operate a joint vocational-technical school.

schedule at least 180 half[3] days of instruction at the Upper Bucks County Vocational-Technical School (School) during each school year. The court based its dismissal on its conclusion that the plaintiffs to the action, the appellants here,[4] lacked standing to pursue the declaratory relief they requested. For the reasons which follow, we will reverse and remand.

The factual nexus which gave rise to the proceedings before us is undisputed. From September 3 through September 24, 1980, members of the Upper Bucks County Vocational-Technical School Education Association (Association) engaged in a lawful strike of the School which resulted in the loss of sixteen instructional days. Following this strike, the Board, which had initially adopted a school calendar providing for 180 half days of instruction, adopted a new calendar for the 1980-81 school year which provided for only 164 half days of instruction. The Association, believing that this shortening of the school year was in violation of the terms of the Board's Program Plan Application agreement with the Pennsylvania Department of Education (Department) and/or the provisions of Section 1501 of the Public School Code of 1949, 24 P.S. §15-1501,[5] subsequently contacted the Department,

---

[3] Vocational-technical students at the School attend regular schools for half a day and then transfer to the School for vocational-technical courses.

[4] The appellants here are the Upper Bucks County Vocational-Technical School Education Association, a union representing teachers at the School, Winfield J. Hill, a teacher at the school and a taxpayer and resident of the Palisades School District, John Graf, a taxpayer and resident of the Quakertown School District, and Jamie Wescott, a taxpayer and resident of the Pennridge School District.

[5] Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §15-1501. The common pleas court found as fact that at the time of the hearing in May of 1981 there were sufficient days remaining in the school year to make up the lost days and its Department has

and upon being informed that the Department intended to take no legal action, joined with the individual appellants here in filing an action for declaratory judgment. This action was subsequently amended to join the Palisades, Quakertown and Pennridge school districts as indispensable parties, and, as we noted above, was subsequently dismissed, upon the filing of preliminary objections, based on the court's conclusion that the plaintiffs lacked standing to seek the declaratory relief they requested. In dismissing this action, the court concluded (1) that the individual plaintiffs lacked standing in their capacity as residents of the participating school districts since they were neither vocational-technical students nor the parents of such students, (2) that the individual plaintiffs lacked standing in their capacity as taxpayers since "compliance or noncompliance with the 180-day rule would have no pecuniary effect upon a non-teacher taxpayer[,]" and (3) that the plaintiff Winfield J. Hill and the Association lacked standing in their respective capacities as a teacher at the School and as a representative of teachers at the School since "the teachers have other remedies to enforce whatever rights they have against the school board for the days lost...." The present appeal followed.

Before this Court, the appellants allege that the court of common pleas erred as a matter of law by concluding that they lacked standing to seek the declaratory relief they requested. We agree.

The stated purpose of the Declaratory Judgments Act (Act), 42 Pa. C. S. §§7531-7541, "is to settle and afford relief to any person from uncertainty and insecurity with respect to right, status and legal relations affected by a statute." *Snider v. Shapp*, 45 Pa. Com-

---

proposed a plan whereby the lost days would be made up in eight full days. The proposed plan was an exhibit in the form of a letter dated May 6, 1981 from the Department.

monwealth Ct. 337, 346, 405 A.2d 602, 607 (1979). Being remedial, the provisions of the Act are to "be liberally construed and administered." Section 7541(a) of the Act, 42 Pa. C. S. §7541(a). Section 7533 of the Act, 42 Pa. C. S. §7533, defines the interest required by a party seeking a declaratory judgment by providing in pertinent part as follows:

> Any person ... whose rights, status, or other legal relations are affected by a statute ... may have determined any question of construction or validity arising under the ... statute ... and obtain a declaration of rights, status, or other legal relations thereunder.

Of course, "[t]he law is quite clear in Pennsylvania that the fact that [a] plaintiff will be generally adversely affected does not in itself put [a] plaintiff in the class authorized to seek a declaratory judgment." *Pennsylvania Barber Schools, Inc. v. Alfano*, 18 Pa. Commonwealth Ct. 54, 56, 333 A.2d 834, 835 (1975). Instead, a plaintiff must establish an interest which "must be more than a general interest and must be a direct, substantial and present interest, as contrasted with a remote or speculative, interest." *Kauffman v. Osser*, 441 Pa. 150, 155, 271 A.2d 236, 239 (1970); *William Penn Parking Garage, Inc. v. City of Pittsburgh*, 464 Pa. 168, 346 A.2d 269 (1975). In the case of actions initiated by taxpayers to prevent the illegal waste or expenditure of funds, however, our Supreme Court has recognized that

> [c]ertain cases exist which grant standing to taxpayers where their interest arguably does not meet the requirements of Wm. Penn,.... The relaxing of those requirements in those cases or, more appropriately, the granting of standing where the degree of causal connection between the action complained of and the injury alleged is small, can be explained by the policy behind

granting taxpayers standing.... "[A]lthough many reasons have been advanced for granting standing to taxpayers, the fundamental reason for granting standing is simply that otherwise a large body of governmental activity would be unchallenged in the Courts."

*Application of Biester*, 487 Pa. 438, 444-45, 409 A.2d 848, 852 (1979) (quoting *Faden v. Philadelphia Housing Authority*, 424 Pa. 273, 278, 227 A.2d 619, 621-22 (1967)).

Applying the above principles to the facts of this case, we initially believe that the appellants Hill, John Graf, and Jamie Wescott established a justiciable interest in the proceedings below in their capacity as taxpayers of the school districts which finance the School. Undisputed evidence was presented to the court of common pleas, in the form of the testimony of Francis J. Moran, Deputy Commissioner for Basic Education at the Department, that the Department intended to reduce the Schools' 1981-82 school year subsidy by approximately $30,000 if the Board scheduled only 164 half days of instruction during the 1980-81 school year. Although the court apparently placed no emphasis on this fact in light of its factual finding that this loss would be offset by savings from teachers' and other employees' salaries not incurred as a result of the strike, our careful review of the record has failed to reveal substantial evidence to support this factual finding since, *inter alia*, it was still unclear at the time of the court's decision whether or not the teachers would be paid for a full year,[6] and since absolutely no

---

[6] The parties presented to the Court their conflicting views as to the meaning and/or legality of a clause of their collective bargaining agreement pertaining to the rescheduling of days lost as a result of the strike. Of course, at the time of the Court's decision, the parties could have submitted this dispute to arbitration pursuant to the provisions of Section 903 of the Public Employee Relations Act, Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. §1101.903.

evidence was submitted pertaining to the payment of non professional employees at the School. But even if the record supported a finding that the plaintiffs would not suffer a *direct* pecuniary loss in their capacities as *taxpayers*, we believe they nonetheless have standing under the exception to the "direct interest" requirement enunciated in *Biester* since there is not a great probability here that others, such as students and the Department, affected by a Board decision to shorten a school year following a strike will challenge that action in court. Accordingly, we believe the court of common pleas erred as matter of law by sustaining the preliminary objections of the school districts to the standing of the individual appellants herein to seek the declaratory relief they requested in their capacities as taxpayers of the districts.

In view of our decision above, we do not believe that it is necessary in this case to address the question of whether the individual appellant's have standing in their capacity as residents of the school districts, whether the appellant Hill has standing in his capacity as a teacher, and whether the Association has standing in its capacity as a representative of teachers, since the individual appellants here, acting in their capacity as taxpayers, will be able to pursue the only relief requested by all the appellants, viz. a declaratory judgment on the question of whether the Board is required to schedule a minimum of 180 half days of instruction at the School.

Accordingly, we will enter the following

ORDER

Now, September 16, 1982, the order of the Court of Common Pleas of Bucks County, dated May 27, 1981, and docketed at No. 81-02489-06-1, is reversed,

and the record of this case is hereby remanded for further proceedings not inconsistent with this opinion.

Judge MENCER did not participate in the decision in this case.