Farmland Industries, Inc., t/a Turkey Hill Minit Markets, Petitioner *v.* Penn Dairies, Inc. et al., Respondents.

Farmland Industries, Inc., t/a Turkey Hill Minit Markets, Petitioner *v.* Penn Dairies, Inc. et al., Respondents.

Argued February 28, 1984, before Judge DOYLE.

*Anthony P. Schimaneck, Morgan, Hallgren, Crosswell & Kane, P.C.,* for petitioner.

*George C. Werner, Barley, Snyder, Cooper & Barber,* for respondent, Penn Dairies, Inc.

*David F. Snyder,* Chief Counsel, for respondent, Commonwealth of Pennsylvania.

MEMORANDUM OPINION AND ORDER BY JUDGE DOYLE, April 5, 1984:

Before this Court are motions by respondents Department of Commerce (Department) and Penn Dairies, Inc. to quash a petition for review filed by petitioner Farmland Dairies, Inc., t/a Turkey Hill Minit Markets. The petition for review, docketed at 3425 C.D. 1983, is an appeal from the Secretary of Commerce's approval of a tax exempt loan for the construction of a grocery store granted to Penn

Dairies by the Lancaster Industrial Development Authority (Authority) pursuant to an application by Penn Dairies. Also before this Court at this time are preliminary objections by the Department, Penn Dairies and the Authority to a petition for review filed in this Court's original jurisdiction at 3466 C.D. 1983 by Farmland Industries similarly challenging the approval of Penn Dairies' application for a tax exempt loan. Since both motions to quash and the preliminary objections of all the respondents are predicated on essentially identical grounds, we will address these matters seriatim by docket number.

## 3425 C.D. 1983

Both the Department and Penn Dairies have moved for this Court to quash Farmland Industries' petition for review on the grounds that the Secretary of Commerce's final approval of Penn Dairies' loan application does not constitute an adjudication for the purposes of invoking this Court's appellate jurisdiction pursuant to Section 763 of the Judicial Code, 42 Pa. C. S. §763. After a careful consideration of the pleadings and record, it is evident to this Court that this is a dispositive issue insofar as the motions to quash are concerned.[1]

Section 702 of the Administrative Agency Law, 2 Pa. C. S. §702 grants a right of appeal to "[a]ny person aggrieved by an adjudication of a Commonwealth agency who has a direct interest in such adjudication." "Adjudication" is, in turn, defined at 2 Pa. C. S. §101 as:

Any final order, decree, decision, determination or ruling by an agency affecting personal or

---

[1] Hence, we need not address the additional grounds raised by respondents in support of their motion to quash.

property rights, privileges, immunities, liabilities or obligations of any or all of the parties to the proceedings in which the adjudication is made.

In the circumstances of the case at bar, the Secretary of Commerce acted pursuant to the mandates of the Industrial and Commercial Development Authority Law (Law), Act of August 23, 1967, P.L. 251, *as amended*, 73 P.S. §§371-386. There is no adversarial proceeding, the Secretary's action is purely ministerial, his involvement is only to ensure that the statutory criteria of the Law for receipt of a loan have been satisfied and, as it is directed to the respective authorities rather than the parties which are applying for the loan, it does not involve personal or property rights or privileges. Hence, as recently determined by this Court in a matter involving circumstances nearly identical to those of the instant case, the Secretary's action is not an adjudication and cannot be used to invoke this Court's appellate jurisdiction, *Salvucci v. Secretary of Commerce*, 81 Pa. Commonwealth Ct. 369, 473 A.2d 1107 (1984). Accordingly, we are constrained to grant the motions to quash of the Department and Penn Dairies.

## 3466 C.D. 1983

Initially, it must be emphasized that the only matter challenged by Farmland Industries' petition for review in our original jurisdiction is the approval by the Department of the Authority's submission seeking approval for the loan to Penn Dairies. The review conducted by the Department is only to ascertain compliance of the project with the Law. The review is not designed to take into account local requirements or federal tax laws. Section 7 of the Law, 73 P.S. §377. As discussed above, the Department's action is not the

permissible subject of a direct appeal to this Court. And, as the Department's action was not an adjudication and as it is not a local agency, the approval *by the Department* would not be subject to review in an appeal to a court of common pleas, and ultimately this Court under the appeal provisions of the Local Agency Law, 2 Pa. C. S. §§751-754. Hence, as this Court has original jurisdiction over civil actions against the Commonwealth government, Section 761 of the Judicial Code, 42 Pa. C. S. §761, and as the matter is not excluded from our original jurisdiction by virtue of inclusion in our appellate jurisdiction as established by Section 762 and 763 of the Judicial Code, 42 Pa. C. S. §§762 and 763, *See Department of Aging v. Lindberg,* Pa. , 469 A.2d 1012 (1983), a challenge to the action of the Department in this matter is properly maintained in this Court's original jurisdiction. To hold otherwise would be to effectively immunize the Department's activities from challenge before a judicial tribunal. On this note we overrule the preliminary objection of Penn Dairies and the Authority alleging that Farmland Industries' suit should be dismissed for want of original jurisdiction in this Court or for want of an adjudication by the Department. We also overrule the preliminary objection asserting that the challenge herein may only be properly made to a court of common pleas under the Local Agency Law. The preliminary objection of the Department raising the pendency of a prior action, *i.e.,* the appeal lodged at 3425 C.D. 1983, is similarly overruled in view of our quashing of that action.

The Department has demurred to the instant petition for review asserting it is powerless to effect a remedy inasmuch as the Secretary may not revoke his approval and only other parties may halt the project, or revoke or suspend the tax exempt financing. It is

evident, however, that the approval of the Department is an essential prerequisite under the Law to grant tax exempt financing status. Were it to be deemed in a court of law as having been improvidently granted, then a continuation of the tax exempt status of the subject financing would be invalid and alternative financing would be necessary. The demurrer is thus overruled. Sustaining the Department's demurrer in a case such as this would be tantamount to prohibiting law suits after the fact and requiring them to be brought on an anticipatory basis. The fact that an act is completed affords no protection from a legal challenge to the propriety of the act unless there is reasonable reliance thereon by a party, with a corresponding detriment should the act be invalidated. Subsumed within the concept of reasonable reliance is the prospect of a legal challenge to the act relied on.

The preliminary objections of Penn Dairies and the Authority advancing the "mootness" of the instant suit because of the stage to which the project has progressed, are solidly grounded in factual assertions, the essence of which are that laches should bar the instant suit. Laches is an affirmative defense, properly raised only in the answer to the petition for review as new matter. Pa. R.C.P. 1030. Furthermore, it is only at that stage of the proceedings that the Department's factual assertions regarding the potential threat to industrial development projects statewide, if there would be an invalidation of its approval in the case at bar, become pertinent. Accordingly these objections also are overruled.

The next preliminary objection to be addressed is that of the Department alleging Farmland Industries' failure to join an indispensable party, viz, the City of Lancaster, as a party defendant. The Department as-

serts therefore that there is no jurisdiction and the matter should be dismissed. *Posel v. Redevelopment Authority of the City of Philadelphia,* 72 Pa. Commonwealth Ct. 115, 456 A.2d 243 (1983). In support of this contention, the Department argues:

> This City of Lancaster has an interest in this matter in that it was the City that approved the transaction as the unit of general local government with jurisdiction over the area covered by the Authority. In making its determination that the Penn Dairies, Inc. project was meritorious and in approving the loan, the City was acting on behalf of its citizens. Therefore, the City government has an interest which can only be protected by its participation in this matter.

It is undisputed that the ultimate interests of the City of Lancaster in this matter are economic development and employment for its citizens. It is the advancement of these interests that gave rise to, and are the very purpose of, the Authority. *See* Section 2 of the Law, 73 P.S. §372. The Authority is the party charged with the responsibility for making sure a project will enhance economic development and employment before the project attains approval. The Department, in exercising its power of review, also looks to see that it has been established that the project will advance the public good. There is thus a unity of interest between the Authority, the City and the Department. All are working toward a common goal with the identical public interest in mind. And, as no conflict of interest has been alleged by the Department, nor has there been any capitulation in the suit by a named party, unlike in *Posel,* which the Department proffers in support of its argument, this Court is unable to conclude that the City of Lancaster *must* be made a

party of record in this matter to protect its rights. *See Mechanicsburg Area School District v. Kline,* 494 Pa. 476, 431 A.2d 953 (1981). The Department's preliminary objection is accordingly overruled. Our decision does not, however, foreclose the City from seeking intervention in this matter should it so desire.

The final preliminary objection is joined in by all the respondents and is directed to the standing of Farmland Industries to bring the instant petition. To establish the standing requisite to the pursuit of legal remedy for an alleged wrongdoing, a party must establish an interest in the matter being litigated that is substantial, direct and immediate. *In re Family Style Restaurant, Inc.,* Pa. , 468 A.2d 1088 (1983). An interest which is remote or speculative does not establish standing. *Upper Bucks County Vocational-Technical School Education Association v. Joint Committee,* 69 Pa. Commonwealth Ct. 85, 450 A.2d 295 (1982). A party's status as a taxpayer may give rise to the interest necessary for standing. *Id.* So too may status as a business competitor. *Application of El Rancho Grande, Inc.,* 496 Pa. 296, 437 A.2d 1150 (1981).

In response to the challenge to its standing in the instant matter, Farmland Industries asserts that the improper approval of a tax free loan to Penn Dairies is harmful to Farmland's interests as a taxpayer and as a competitor of Penn Dairies. Both Farmland Industries and Penn Dairies operate "convenience" stores but no facts other than that have been plead in this regard. The petition for review states only that "[t]he conduct of [r]espondents constitutes an irreparable, direct and immediate injury" to Farmland Industries. This is merely a conclusory allegation which lacks the specificity necessary to give Farmlands standing under the established criteria. *See Family*

348

*Style Restaurant.* Therefore the preliminary objection of the Department, the Authority and Penn Dairies is sustained. Because the deficiency in the pleadings is potentially subject to correction by amendment, leave to amend is afforded.

ORDER IN 3425 C.D. 1983

Now, April 5, 1984, the motions to quash the appeal of Farmland Industries, Inc. filed by respondents are hereby granted consistent with the opinion above.

---

ORDER IN 3466 C.D. 1983

Now, April 5, 1984, the preliminary objections of the respondents in the above captioned matter, with the exception of the objection to the standing of petitioner, Farmland Industries, Inc. are hereby overruled. The objection to standing is sustained and the amended petition for review of Farmland Industries is dismissed with leave granted to file any amended petition for review within twenty (20) days.