South Whitehall Township and South Whitehall Township Authority, Plaintiffs v. Commonwealth of Pennsylvania, Department of Transportation, Defendant.

Argued February 3, 1984, before Judges MAC-PHAIL, DOYLE and BLATT, sitting as a panel of three.

*Maria Mullane,* with her, *Blake C. Marles, Butz, Hudders & Tallman,* for plaintiffs.

*Bruce M. Mundorf,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for defendants.

OPINION BY JUDGE DOYLE, May 3, 1984:

This matter is before us on preliminary objections raised by the Commonwealth Department of Transportation (Department) to a complaint brought in our original jurisdiction which seeks a declaratory judgment invalidating regulations promulgated by the Department pursuant to Section 411 of the State Highway Law, Act of June 1, 1945, P.L. 1242, *as amended,* 36 P.S. §670-411.

The regulations challenged govern the issuance of a permit for occupancy of state highway rights-of-way by utilities and are found at 67 Pa. Code §459.3(b) and §459.7(12). 67 Pa. Code §459.3(b) provides:

> (b) *Who may execute applications.* If a corporation, authority, political subdivision, or other person in the business of providing utility service owns or operates the facility: the application shall be submitted in the name of and executed by such party. Applications shall not be submitted in the name of contractors of the owner or operator nor in the name of persons being served by the facility.

67 Pa. Code §459.7(12) provides:

> (12) *Indemnification.* The permittee shall fully indemnify and save harmless and defend —if requested—the Commonwealth, its agents and employes, of and from all liability for damages or injury occurring to any person or persons or property through or in consequence of any act or omission of any contractor, agent, servant, employe or person engaged or employed in, about, or upon the work, by, at the instance, or with the approval or consent of the permittee; from any failure of the permittee or any such person to comply with the permit or the provisions of this chapter; and, for a period of two years after completion of the permitted work, from the failure of the highway in the immediate area of the work performed under the permit where there is no similar failure of the highway beyond the area adjacent to the area of the permitted work.

South Whitehall Township and the South Whitehall Township Authority (Township and Township Authority) complain that the regulations unconscionably require that if developers seeking to expand utility facilities need access to state highway rights-of-way, the Township or Township Authority, not the developer, must obtain occupancy permits from the Department, and indemnify the Department from any harm the developers may cause in the state highway right-of-way. This, the complaint avers, is an unconscionable imposition of vicarious liability contrary to law and public policy. The complaint seeks declaratory relief directing that the Department require permits of the Township and Township Authority only when the municipal entities themselves seek access to state highway rights-of-way, issue permits to private entities seeking access to state highway rights-of-way,

and require the municipal entities to indemnify the Department only for work undertaken within the municipal entity's supervisory control.

The Department seeks dismissal of the action in each of six preliminary objections asserting: 1) that neither the Township nor the Township Authority has standing to challenge the regulations, 2) that the Township and Township Authority are not the real parties in interest, 3) that the complaint fails to state a cause of action upon which relief can be granted, 4) that the action is barred by the doctrine of sovereign immunity, 5) that the complaint does not allege the existence of an actual controversy within the meaning of the Declaratory Judgment Act,[1] and 6) that the matter complained of is within the exclusive original jurisdiction of another tribunal. We dismiss the action because the complaint does not allege the existence of an actual controversy within the meaning of the Declaratory Judgment Act.[2]

Initially, we point out that the Township and Township Authority have no standing to protest the provisions of 67 Pa. Code §459.3(b).[3] First, the regulation does not limit the rights of the Township or Township Authority to apply for and obtain state highway right-of-way occupancy permits. Second, although the regulation clearly excludes private de-

---

[1] 42 Pa. C. S. §§7531-7541.

[2] Because we find grounds for dismissal in the Department's fifth preliminary objection, we need not resolve the merits of the remaining preliminary objections to the complaint.

[3] The Department's first preliminary objection challenges the standing of the Township and Township Authority to protest the provisions of both 67 Pa. Code §459.3(b) and 67 Pa. Code §459.7(12). We state here only that the Township and Township Authority have no standing to challenge 67 Pa. Code §459.3(b). We believe that the Township and Township Authority would have standing to challenge the provisions of 67 Pa. Code §459.7(12) if an actual controversy were presented.

velopers from applying for state highway right-of-way occupancy permits, nothing in the language of the regulation *compels* the Township or Township Authority to apply for said permits in their stead. And the complaint pleads no other regulatory or statutory provisions under which the Township or Township Authority could be required to seek permits on a private developer's behalf. It is not the Township or Township Authority, therefore, which is harmed by the exclusionary regulation; it is the private developers. And the Township and Township Authority do not stand in such a relationship with private developers as would allow the municipal entities to assert third party rights.[4] *See Harrisburg School District v. Harrisburg Education Association,* 32 Pa. Commonwealth Ct. 348, 379 A.2d 893 (1977).

The crux of the Township and Township Authority's claim, then, is that *if* it acts on behalf of developers, the provisions of 67 Pa. Code §459.7(12) require the Township or Township Authority to indemnify the Department for any harm the developers cause. The complaint avers that the actions of developers in performing work in the state highway right-of-way are beyond the Township's supervisory control, and the two year indemnity required by the regulation is beyond the maximum period for which the Township or Township Authority might require a developer to post a performance bond. What the complaint does not aver, however, is whether the Township or Township Authority *has* acted in securing any state highway right-of-way occupancy permits on behalf of developers so that the indemnity regulation is brought into play.

In seeking declaratory relief, a plaintiff must establish an interest which "must be a direct, substan-

---

[4] The issue of whether a private developer could bring a declaratory action challenging the regulation is, of course, not before us.

tial and present interest, as contrasted with a remote or speculative interest." *Kauffman v. Osser*, 441 Pa. 150, 155, 271 A.2d 236, 239 (1970); *see Upper Bucks County Vocational Technical School Education Association v. Joint Committee*, 69 Pa. Commonwealth Ct. 85, 450 A.2d 295 (1982). For declaratory relief to be appropriate, there must exist an actual controversy. *Widoff v. Disciplinary Board*, 54 Pa. Commonwealth Ct. 124, 420 A.2d 41 (1980).

We can agree that were the Township or Township Authority presently placed in the circumstance of indemnifying the Department under the regulation, we might consider an actual controversy to be sufficiently established to permit a declaratory action before any actual harm was in fact caused. In such a case, the potential liability would be clear. But that is not the situation here. In the present circumstance, the Township and Township Authority do not aver that either is presently situate as indemnifying the Department for the work of a private developer. The Township and Township Authority do not aver that either has secured or even sought a permit on behalf of a private developer. Nor does the complaint aver that there is land abutting state highways in the Township ripe for development for which private developers have urged or requested that the Township and Township Authority seek permits on their behalf. It may be that the municipal entities will never be asked to secure a permit for a private developer, or if the Township and Township Authority choose not to secure permits on behalf of private developers, that the Township and Township Authority would never be in a position of indemnifying the Department against damage caused by others. The events which might bring these parties into actual conflict are thus too remote to justify our resolution of this dispute by declaratory judgment.

Complaint dismissed.

ORDER

Now, May 3, 1984, Defendant's preliminary objection E is sustained and the Complaint dismissed for the reasons set forth above.