540 A.2d 1365

Commonwealth of Pennsylvania, Department of General Services and The Frank Briscoe Co., Inc., Appellants *v.* Celli-Flynn et al., Appellees.

Argued February 24, 1988, before President Judge CRUMLISH, JR., and Judges DOYLE, BARRY, COLINS, PALLADINO, McGINLEY and SMITH.

*Bruce W. Kauffman,* with him, *Sheryl L. Auerbach, Dilworth, Paxson, Kalish & Kauffman,* and *Robert S. Peckar* and *Robert A. Drucker, Peckar & Abramson,* for appellants.

*Andrew Fylypovych, Harvey, Pennington, Herting & Renneisen, Ltd.,* for appellee, Continental Casualty Company.

*James David Elder, James David Elder and Associates,* for appellees, Northbrook Insurance Company, General Accident Insurance Company of America and Northbrook Excess and Surplus Insurance Company.

OPINION BY JUDGE PALLADINO, April 29, 1988: ·

The Commonwealth of Pennsylvania, Department of General Services (Department) and The Frank Briscoe Co., Inc. (Briscoe) (collectively Appellants) appeal from an order of the Court of Common Pleas of Dauphin County granting preliminary objections, in the nature of a demurrer, of Defendant/Appellee insurance companies (insurance companies).

We begin by noting that a demurrer admits as true all well-pleaded facts, but does not admit conclusions of law, unwarranted inferences from facts, argumentative allegations or expressions of opinions. *Upper Moreland Township v. Pennsylvania Department of Transportation,* 48 Pa. Commonwealth Ct. 27, 409 A.2d 118 (1979). Thus, the following recitation of facts is based on statements contained in Appellants' complaint, although some of the background information, which is not in dispute, is gleaned from the briefs of the parties.

In 1966 the Department and Celli-Flynn & Associates, P.C. (Celli-Flynn), an architectural design firm, entered into an agreement regarding construction of the David L. Lawrence Convention Center (Center) in Pittsburgh. The agreement provided, *inter alia,* that all design professions retained by Celli-Flynn and the Department would be required to obtain professional liability insurance.

In 1977, the Department awarded to Briscoe the prime contract for general construction of the Center. The contract provided time was of the essence and set forth a time limitation for completion. The project was substantially completed 675 days past the due date. The Department brought suit against Briscoe, and Briscoe counterclaimed. Exhaustive discovery followed, and led the Department to conclude that the design professionals, and not Briscoe, were responsible for the delays which caused damage. The Department and Briscoe

entered into a settlement agreement in which they agreed to jointly prosecute their claims to recover damages for the harm allegedly suffered.

Accordingly, Appellants brought suit against the design professionals and their insurance companies, seeking damages, and brought a declaratory judgment action against four named insurance companies and a John Doe insurance company, seeking declarations as to the extent of insurance coverage the insurance companies would be required to provide. The insurance companies demurred, arguing: 1) Appellants could not maintain an action against the insurance companies unless and until it obtained a judgment against the insureds; and 2) Appellants were not entitled to a declaratory judgment of the extent of insurance coverage issued to the insureds. The trial court granted the insurance companies' objections to being made a party prior to any finding of liability, and dismissed all counts regarding that issue. Appellants have appealed.

The heart of this case is the question of whether Appellants can go forward against the insurance companies prior to any finding of liability on the part of those listed as insureds. The trial court noted that Appellants have conceded that an injured party cannot maintain a direct action against an insurer unless there is a statutory or policy provision which allows such an action. *Commonwealth of Pennsylvania, Department of General Services and The Frank Briscoe Co., Inc. v. Celli-Flynn and Associates, Inc., P.C.,* (No. 1806-S-1986, filed March 31, 1987), slip op. at 1. Appellants make several arguments in support of their assertion that a direct action should go forward in this case. Appellants argue: 1) the Department is a third party beneficiary to the insurance companies' contracts, and may therefore enforce the contracts; 2) the Department represents the public interest and therefore, as a matter of public

policy, direct action should be allowed; 3) joinder of the insurance companies serves the interests of judicial economy and does not prejudice the insurance companies; and 4) the doctrine of promissory estoppel mandates protection of Appellants' reasonable reliance on the insurance policies.

The parties do not dispute that the general rule in Pennsylvania is that direct actions against insurance companies are not allowed.[1] *Spires v. Hanover Fire Insurance Co.*, 364 Pa. 52, 70 A.2d 828 (1950). Appellants have valiantly attempted to fit themselves within the narrow confines of an exception created in *Guy v. Liederbach*, 501 Pa. 47, 459 A.2d 744 (1983), but have not succeeded. In *Guy*, the Supreme Court carved out a narrow exception to the *Spires* rule, and allowed the intended beneficiary of a will to recover for legal malpractice, despite the fact that the beneficiary was not in privity of contract with the attorney and was not named specifically as an intended beneficiary of a contract. The Supreme Court emphasized the narrowness of the exception. *Id.* at 59, 459 A.2d at 750-51. In fact, the *Guy* restatement of the general rule governs this action:

> Under current Pennsylvania law for a third party beneficiary to have standing to recover on a contract, both parties (promisor and promisee) must express an intention that the third party be a beneficiary to whom the promisor's obligation runs in the contract itself. Spires v. Hanover Fire Insurance Co., 364 Pa. 52, 70 A.2d 828 (1950). We went on to say [in Spires]:

---

[1] Appellants rely heavily on *Shingleton v. Bussey*, 223 So.2d 713 (Fla. 1969). The Florida decision carries very little precedential weight, and the Florida experience following the *Shingleton* case persuades us to avoid taking any steps toward the slippery slope created by the decision.

'[I]n other words a promisor cannot be held liable to an alleged beneficiary of a contract unless the latter was within his contemplation at the time the contract was entered into and such liability was intentionally assumed by him in his undertaking; the obligation to the third party must be created, and must affirmatively appear, in the contract itself . . . [.]' *Id.* at 57, 70 A.2d at 830-831.

. . .

[E]ven an insurance policy 'on account of whom it may concern' must still include that phrase, and the intent on the part of the contracting parties to benefit an as yet unnamed third party must be present in the contract. Id.

*Id.* at 58-59, 459 A.2d at 750 (footnotes omitted). Review of the complaint demonstrates that Appellants are subject to the general rule and are not entitled to third party beneficiary status and, therefore, are not entitled to enforce the insurance contracts.

The complaint states, repeatedly, that Appellants are intended third party beneficiaries. However, this is a legal conclusion and is not a fact we must accept as true. *Upper Moreland Township.* We must look to the well-pleaded facts to determine the viability of the action, and the pled facts are insufficient to sustain a finding that Appellants are third party beneficiaries. Appellants have not pled that they are named in the insurance contracts, nor have they pled facts which could lead to the inference that the insurance companies intended to benefit Appellants. Appellants' allegations regarding the insurance contract are as follows:

a) Celli-Flynn was required to secure and maintain professional liability insurance. Paragraph 127 of the Complaint.

    b) Celli-Flynn was required to provide the Department with certificates of insurance establishing the existence of insurance. Paragraph 128 of the Complaint.

    c) Celli-Flynn, aside from securing insurance for itself, was required to ensure that its consultants would themselves secure insurance. Paragraph 134 of the Complaint.

    d) Defendant insurance company Continental delivered a certificate of insurance evidencing coverage of Celli-Flynn consultants and in that certificate 'specifically communicated to the [Department] that professional liability insurance for [defendant consultants] was in effect for the benefit of the [Department].' Paragraph 137 of the Complaint.

Even viewing these allegations in the light most favorable to Appellants, they establish only two things: 1) the Department required Celli-Flynn and its consultants to obtain professional liability insurance and 2) Celli-Flynn provided the Department with proof of that insurance. These allegations are, as a matter of law, insufficient to establish Appellants as third party beneficiaries.[2] *See*

---

[2] Our reading of *Guy* persuades us that the general rule for determining third party beneficiary status is as set forth in *Spires*. Thus, the Restatement of Contracts §302 (1979) test is to be employed only where a court is faced with the legatee of a will. as a possible third party beneficiary. Our conclusion is based on the Supreme Court's language in *Guy:*

    We believe that Restatement (Second) of Contracts §302 (1979) provides an analysis of third party beneficiaries which permits a properly restricted cause of action for beneficiaries such as appellee. In adopting this standard, we act in accordance with the principles set forth in Restatement (Second) concerning third party beneficiaries which were only hypothetically employed in [Pennsylvania Liquor Control Board v. Rapistan, Inc., 472 Pa. 36, 371

*Guy* and *Spires*. In fact, it would be a rare case indeed where third party beneficiary status could be established without thorough review of the contract in question. Appellants have not provided for review either the underlying contract or the insurance policies. Although it appears that this procedural ploy is blatantly contrary to the mandate of Pa. R.C.P. No. 1019(h),[3] we will not decide that issue as it is not argued to us on appeal.

We now turn to the other issues raised by Appellants. Appellants argue that public policy mandates the allowance of direct action here. We disagree. Inasmuch as the legislature has specifically addressed this issue, and has stated that direct actions are allowable where an insured is insolvent or bankrupt,[4] we are here faced with a situation where the legislature has offered guidance. Furthermore, the Supreme Court made it abun-

---

A.2d 178 (1976)]. In so doing, we overrule Spires to the extent that it states the exclusive test for third party beneficiaries.

*Id.* at 59-60, 459 A.2d at 751. In a footnote to the *Guy* decision, the Supreme Court expressly stated that the *Rapistan* decision had not changed the *Spires* rule. *Id.* at 59 n.7, 459 A.2d at 750 n.7. Accordingly, we believe the Restatement rule is to be applied only in legatee cases, or under similar compelling circumstances which are not present here. *See Manor Junior College v. Kaller's Inc.*, 352 Pa. Superior Ct. 310, 507 A.2d 1245 (1986).

[3] Pa. R.C.P. No. 1019(h) provides that where a claim or defense is based upon a writing, the pleader *shall* attach a copy of the writing unless it is not accessible to him, in which case the pleader is to so state, together with the reason, and then set forth the substance of the writing. We can find no explanation for Appellants' failure to attach the noted writings.

[4] Section 1 of the Act of May 24, 1933, P.L. 987, 40 P.S. §117. *See Philadelphia Forest Hills Corp. v. Bituminous Casualty Corp.*, 208 Pa. Superior Ct. 461, 222 A.2d 493 (1966), for this section's analogous applicability to damages resulting from other than personal injury caused by animals or vehicles.

dantly clear, in its *Guy* decision, that exceptions to the *Spires* rule are to be narrowly construed. Most importantly, the Department is not without a remedy, as was the injured party in *Guy*. Here, the Department's complaint against the allegedly negligent design professionals will go forward, and, *if liability is established,* the Department will have judgment against the insured design professionals.

Appellants next argue that the doctrine of promissory estoppel requires the allowance of a direct action. We cannot agree. The above analysis applies to this argument as well. Even if we were to agree that Appellants reasonably relied on the insurance policies, Appellants have not pled that injustice can be avoided only by allowing them to enforce the insurance contract as required for promissory estoppel to be applicable. *Murphy v. Burke,* 454 Pa. 391, 311 A.2d 904 (1973). There is no injustice in requiring a determination of liability prior to suit against insurance companies.

As our discussion thus far makes clear, the law of this Commonwealth will not permit Appellants to proceed directly against the insurance companies. Appellants' assertion that judicial economy will be served by allowing such an action cannot override existing law. We are not faced with a question of mere expediency.

We turn now to Appellants' declaratory judgment action. Appellants seek a declaration as to the extent of coverage the insurance companies are bound to provide. However, Appellants are not entitled to such a declaratory judgment because there is no case or controversy regarding extent of coverage. The existence of a case or controversy is a prerequisite to a declaratory judgment action. *South Whitehall Township v. Pennsylvania Department of Transportation,* 82 Pa. Commonwealth Ct. 217, 475 A.2d 166 (1984). The insureds have not been found liable for any damages, and, therefore, any issue

as to the extent of their insurance coverage is not ripe for review.

Accordingly, the decision of the trial court is affirmed.

## ORDER

AND NOW, April 29, 1988, the order of the Court of Common Pleas of Dauphin County in the above-captioned matter is affirmed.

---

DISSENTING OPINION BY JUDGE COLINS:

I dissent. This matter is before the Court on preliminary objections in the nature of a demurrer and, as such, I must disagree with the majority.

Paragraph 137 of appellants' complaint alleges that the professional liability insurance in question was negotiated and in effect for the benefit of the Department. I believe that these allegations are sufficient to allow the matter to proceed beyond the demurrer stage.

It is premature to terminate the involvement of the insurance companies at this juncture of the litigation.