645 A.2d 407

SEDAT, INC. and Seven Sisters Mining Co., Inc., Petitioners,

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF ENVIRONMENTAL RESOURCES and Kenneth J. Fisher and Ann Fisher, Respondents.

Commonwealth Court of Pennsylvania.

Argued March 1, 1994.

Decided June 28, 1994.

Reargument Denied July 27, 1994.

Reargument and Reconsideration Denied February 15, 1995.

432

Harry F. Klodowski, Jr. and Alan S. Miller, for petitioners.

Steven Lachman, for respondents.

Before CRAIG, President Judge, KELLEY, J., and RODGERS, Senior Judge.

CRAIG, President Judge.

The Pennsylvania Department of Environmental Resources has filed preliminary objections demurring to a petition for review which requests a writ of mandamus and equitable relief, filed by Sedat Inc. and Seven Sisters Mining Company, Inc.

The department presents the following issues: 1) whether the department can issue a surface mining permit pursuant to section 1396.4 of the Surface Mining Conservation and Reclamation Act (SMCRA), 52 Pa.S.A. § 1396.4, if the applicant has not submitted a landowner consent form; 2) whether the Superior Court's decision in *Sedat, Inc. v. Fisher*, 420 Pa.Superior Ct. 469, 617 A.2d 1 (1992) is binding on the department, where the department was not a party to the litigation before that court; and 3) whether a company which has not applied for a surface mining permit with the department has standing to compel the department to review an application submitted by another party.

## AVERMENTS

The averments of the petition follow. Sedat and Seven Sisters want the department to review a surface mining permit application which Seven Sisters submitted to the department for approval to mine a site consisting of sixty-four acres of land, located in Wayne Township, Armstrong County, Pennsylvania.

By a recorded coal deed dated March 18, 1980, Twin Oaks Coal Company transferred ownership of the subsurface mineral (coal) rights in the sixty-four acres of land at the above-mentioned site to Sedat. Sedat and Seven Sisters are two separate companies owned and operated by the same family. Sedat hired Seven Sisters to mine the sixty-four acres of subsurface coal.

Kenneth and Ann Fisher are the owners of fifty-one acres of the surface land above Sedat's subsurface property. The Fishers had obtained ownership of the surface property by deed dated October 5, 1984. That deed contains an express clause excepting and reserving all of the stripping and coal rights which had been previously conveyed by the predecessors in title, thus entitling the owner of subsurface coal to strip and mine the coal from the land.

Sedat requested the Fishers, as the surface landowners of the property which Seven Sisters wants to mine, to sign a

landowner consent form (Supplemental C), which the department requires from landowners when an application for a permit to mine land is submitted to the department. The Fishers refused to sign the Supplemental C.

Sedat filed a complaint with the Court of Common Pleas of Armstrong County to compel the Fishers to sign the Supplemental C. The trial court dismissed the complaint, concluding that because 1) Sedat had not actually applied to the department for a permit, and 2) the department had not denied that permit without the Supplemental C, there was no dispute at that stage in the proceedings and a decision by the trial court would be only an advisory opinion.

Sedat appealed the trial court's decision to the Superior Court, which affirmed the trial court's dismissal of Sedat's complaint. The Superior Court found that the Supplemental C is not a prerequisite to a subsurface landowner's application for a permit with the department. *Sedat, Inc. v. Fisher.*

Seven Sisters then submitted to the department an application for a Surface Coal Mining Permit to strip mine coal from property which included that owned by the Fishers. The department returned the application to Seven Sisters as incomplete because the application did not include a Supplemental C.

## PROCEDURAL HISTORY

Sedat and Seven Sisters then filed with this court its petition for a writ of mandamus and equitable relief, seeking a court order 1) commanding the department to review the application without the Supplemental C, 2) enjoining the department from refusing to accept the application without the Supplemental C, or 3) compelling the Fishers to sign the Supplemental C, if this court determines that a Supplemental C is required.

Sedat and Seven Sisters also filed an appeal of the department's determination with the Environmental Hearing Board. That board has stayed adjudication of the appeal pending our decision on the petition which is before this court. The

department filed the present preliminary objections in the nature of a demurrer, to the petition.

## ANALYSIS

In reviewing preliminary objections in the nature of a demurrer, this court must admit as true all material facts set forth in the complaint and any inferences this court can reasonably deduce from those facts. *Clevenstein v. Rizzuto*, 439 Pa. 397, 266 A.2d 623 (1970). When presented with a demurrer, this court must resolve the question, based on the facts averred, of whether the law says with certainty that no recovery is possible; where there is doubt as to whether this court should sustain the demurrer, this court must resolve that doubt by overruling the demurrer. *Birl v. Philadelphia Electric Company*, 402 Pa. 297, 167 A.2d 472 (1960).

### 1. Standing of Sedat

The department contends that Sedat lacks standing as a party in this case because Sedat has failed to allege any direct, substantial and immediate harm from the department's denial of the mining permit to Seven Sisters.

■ In order to establish standing to pursue a legal remedy for alleged wrongdoing, a party must show a direct, substantial and immediate interest in the matter being litigated. *Upper Bucks County Vocational–Technical School Education Association v. Joint Committee*, 69 Pa.Commonwealth Ct. 85, 450 A.2d 295 (1982). That interest may not be too remote or speculative, and the fact that a party will be generally adversely affected does not give that party standing to sue. *Id.*

■ Sedat argues that it has fulfilled the requirements for standing because 1) it owns the subsurface coal which Seven Sisters seeks to mine, and 2) the department's rejection of Seven Sister's mining permit negates Sedat's lease with Seven Sisters, resulting in Sedat's inability to have Seven Sisters mine the coal.

Because Sedat owns the subject subsurface coal rights and leased the sixty-four acres of subsurface property to Seven Sisters so that Seven Sisters could mine that property, and the department denied Seven Sisters' application for a permit, Sedat's interest in the outcome of this suit is not remote but is direct, substantial and immediate.

Thus, this court concludes that Sedat has standing to be a party in this case.

### 2. Superior Court Decision in Sedat, Inc. v. Fisher

 The department argues that the Superior Court's decision in *Sedat, Inc. v. Fisher* does not bind the department or bar this court from deciding this case.

In Pennsylvania the doctrine of "law of the case" requires that appellate courts not consider, on a second appeal, issues which have already been decided by an appellate court on another appeal between the same parties. *Daniels v. State Farm Mutual Auto Insurance Co.*, 305 Pa.Superior Ct. 352, 451 A.2d 684 (1982). Under that doctrine, the first decision of the appellate court becomes the law of the case, and an appellate court, even when ruling on a later appeal regarding *another phase* of the same case, may not overrule the first ruling even though the court is convinced that first ruling was erroneous. *Id.*

In addition, res judicata, or claim preclusion, bars a court from adjudicating an action where another court of competent jurisdiction issued a final judgment on the merits in the case, and that judgement involved an identity of 1) the thing sued for, 2) the cause of action, 3) the persons and parties to the action, and 4) the quality in the persons for or against whom the claim is made. *Schubach v. Silver*, 461 Pa. 366, 336 A.2d 328 (1975).

Also, in the same way, the doctrine of collateral estoppel, or issue preclusion, bars a court from relitigating an issue where 1) another court has issued a final judgment on the merits 2) the issue before the other court was identical to the later issue, 3) the party against whom the claim of collateral estop-

pel is made was a party or was in privity with a party in the first case, and 4) the party against whom the claim is made had a full and fair opportunity to litigate the issue in the first action. *Lehigh Valley Power Committee v. Pennsylvania Public Utility Commission,* 128 Pa.Commonwealth Ct. 259, 563 A.2d 548 (1989).

In this case, after the Fishers refused to sign the Supplemental C and *before* Seven Sisters filed the application for a permit with the department, Sedat filed a complaint with the Court of Common Pleas of Armstrong County to compel the Fishers to sign the Supplemental C. Sedat and the Fishers were the only two parties to that litigation. As noted above, the trial court dismissed the complaint, concluding that there was no dispute at that stage in the proceedings and a decision by the trial court would be only an advisory opinion.

Sedat then appealed to the Superior Court, which affirmed the trial court's dismissal of Sedat's complaint on different grounds. The Superior Court also concluded that Sedat did not need to obtain the Fishers' written consent in order to submit the application for a permit with the department.

Sedat and Seven Sisters filed a petition for review with this court, to which the department has filed the present preliminary objections.

This court concludes that neither the law of the case, res judicata, nor collateral estoppel applies to bar this court from deciding this case. As the Superior Court noted in *Sedat v. Fisher:*

> However, appellant has not, by the institution of this cause of action, requested the trial court or this court to preview a mining permit application or to pass upon the ultimate success or not of any such application. *DER is not even a party to this action.* Rather, appellant has instituted suit against appellees to obtain an Order or a Decree compelling appellees to consent in writing to its entry upon their land. . . .

*Sedat,* 420 Pa.Superior Ct. at 477, 617 A.2d at 5. (Emphasis added.)

This case involves a different issue from *Sedat v. Fisher* because, unlike the first case, in this case Seven Sisters has filed an application with the department for a permit, which the department has denied, and Seven Sisters and Sedat have requested this court to review that denial. In addition, this case involves different parties, because neither Seven Sisters nor the department were parties to the case before the Superior Court. Also, at the time of that case, no application had yet been filed with the department. As both the trial court and Superior Court noted, those courts could not rule upon the department's application process where no application had actually been submitted.

Thus, this court concludes that the Superior Court's decision does not preclude this court from addressing the issues involved in this case.

### 3. Necessity of Supplemental C Form

The department argues that it may not issue a surface mining permit without a Supplemental C to authorize the department to access the surface landowner's property.

■ First, this court notes that under Pennsylvania law, there are three separate estates in land, namely the surface of the land, the right of support, and the minerals contained underneath the land. *Smith v. Glen Alden Coal Company,* 347 Pa. 290, 32 A.2d 227 (1943). The Superior Court noted in *Pennsylvania Bank & Trust Company v. Dickey,* 232 Pa.Superior Ct. 224, 229, 335 A.2d 483, 485 (1975):

> [I]t is possible to have a situation where any of the three portions of the land may be owned by different persons than the ones owning the other portions.

Thus, each estate can be severed from the other by a grant or exception with separate corporeal rights. *Id.* citing *Duquesne Natural Gas Co. v. Fefolt,* 203 Pa.Superior Ct. 102, 198 A.2d 608 (1964).

■ In the present case, the coal deed from Twin Oaks to Sedat transferred ownership of the subsurface mineral coal rights in the sixty-four acres of the land in question from Twin

Oaks to Sedat. In addition, the Fishers' deed of ownership contains an express clause excepting and reserving all of the stripping and coal rights which had been previously conveyed by the predecessors in title. Thus, there are two separate estates in this case, the surface and the subsurface. Sedat is the owner of the subsurface estates and the Fishers own the surface estate.

Section 1396.4(a)(2)(F) of SMCRA, which addresses the requirement of a Supplemental C, states in relevant part:

> Except for permit applications based upon leases in existence on January 1, 1964 for bituminous coal surface mines, or leases in existence on January 1, 1972 for anthracite coal surface mining operations and all noncoal surface mining operations, the application for a permit shall include, upon a form prepared and furnished by the department, the written consent of the *landowner* to entry upon any land to be affected by the operation *by the operator and by the Commonwealth and any of its authorized agents* prior to the initiation of surface mining operations, during surface mining operations and for a period of five years after the operation is completed or abandoned for the purpose of *reclamation, planting, and inspection or the construction of any pollution abatement facilities* as may be deemed necessary by the department for the purposes of this act. . . .

> (Emphasis added.)

Thus, the Supplemental C is a consent form which the surface landowner signs to authorize a miner to enter the property of the landowner in order to mine the property, and also permits the department to inspect the property.

Section 1396.4(a)(2)(F)(ii) of SMCRA states in part:

> For the purposes of this section, "landowner" includes a *person holding title to or having a proprietary interest in either surface or subsurface rights.* (Emphasis added.)

52 P.S. § 1396.4(a)(2)(F)(ii).

In addition, 25 Pa.Code § 86.84(b), which outlines the department's regulations pertaining to coal mining, and which is

fashioned after Section 1396.4 of SMCRA, states in relevant part:

The application for a permit shall provide *one of the following* for lands within the permit area:

(1) A copy of the written consent of the current surface owner to the extraction of coal by surface mining methods.

(2) A copy of the document of conveyance that expressly grants or reserves the right to extract the coal by surface mining methods and an abstract of title relating the documents to the current surface land owner.

(Emphasis added.)

25 Pa.Code § 86.84(c) then duplicates the language of section 1396.4(a)(2)(F) of SMCRA. Section 86.64(d) defines "lease," for the purpose of coal mining permit applications, as "an agreement in which the surface landowner is the lessor and the applicant is the lessee...." That subsection then notes that a deed of severance is not a lease.

The rules of statutory construction require this court, in construing statutes, to give full effect to all of the words in the statute. *Commonwealth v. Driscoll*, 485 Pa. 99, 401 A.2d 312 (1979).

In this case, section 1396.4(a)(2)(F) of SMCRA addresses leases, and exempts those permit applicants with leases in existence from a certain time period from providing a consent form from the "landowner" for both the permit applicant and the department to enter the landowner's property. However, that section includes, in its definition of "landowner," both the surface and subsurface titleholder.

In this case, because Sedat owns the subsurface mineral rights below the Fisher's surface property, the subsurface rights are severed from the surface. The creation of these two separate estates through a severance deed, gives Seven Sisters, who wishes to mine the coal for Sedat, the right to enter the property and conduct mining activities. Sedat, as owner of the separate subsurface coal rights may furnish to the department a copy of the deed of conveyance from Twin

Oaks to Sedat, which grants Sedat the right to extract coal by surface mining methods, pursuant to 25 Pa.Code § 86.84(b).

Thus, in accordance with DER's own regulations, 25 Pa. Code § 86.84(b), Seven Sisters need not furnish a Supplemental C with the application for a permit, and, pursuant to Section 1396.4(a)(2)(F) of SMCRA, the department may enter the Fisher's property to inspect the cite during mining activities.

Accordingly, this court overrules the department's preliminary objections in the nature of a demurrer.

### ORDER

NOW, June 28, 1994, the department's preliminary objections in the nature of a demurrer, are OVERRULED.