HARLACHER SIBUM, J.,
This matter comes before us on defendants’ National General Assurance Company, GMAC Direct Insurance Company, and GMAC Insurance Company Online, Inc.’s motion for summary judgment. On December 7, 2007, plaintiff filed a complaint against defendants for injuries sustained following a motor vehicle accident. Plaintiff was a passenger in the vehicle driven by defendant Santiago *337 Velazquez, owned by defendants Clifton and Gregg Kessler (Kesslers), and insured by defendants National General Assurance Company, GMAC Direct Insurance Company, and GMAC Insurance Company Online, Inc. (hereinafter GMAC). Plaintiff alleges a negligence claim against defendant Santiago Velazquez; a negligent entrustment claim against the Kesslers; a breach of contract claim against defendant Progressive Direct/ Progressive Halcyon Insurance; and seeks declaratory judgment against all defendants. On January 30, 2014, defendants GMAC filed the instant motion for summary judgment, arguing that plaintiff has failed to establish a direct, substantial, and present interest in having the insurance contract construed. After hearing argument on this matter, we are now prepared to decide this matter.
DISCUSSION
Pennsylvania Rule of Civil Procedure 1035.2 permits the trial court to dismiss an action after the close of pleadings where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Thompson Coal Co. v. Pike Coal Co., 412 A.2d 466, 468-69 (Pa. 1979). Summary judgment may only be entered where the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits demonstrate that no genuine, triable issue of fact exists and that the moving party is entitled to judgment as a matter of law. Pa.R.C.P. 1035(b); Brecker v. Cutler, 578 A.2d 481 (Pa. Super. 1990).
Summary judgment may be granted only in cases where *338 the right is clear and free from doubt. Musser v. Vilsmeier Auction Co., 562 A.2d 279, 280 (Pa. 1989). Only when the facts are so clear that reasonable minds cannot differ may a trial court properly enter summary judgment. Basile v. H&R Block, 761 A.2d 1115 (Pa. 2000). The trial court must view the record in the light most favorable to the non-moving party and must resolve all doubts as to the existence of a genuine issue of material fact against the moving party. Potter v. Herman, 762 A.2d 1116 (Pa. Super. 2000). The moving party bears the burden of proving that no genuine issue of material fact exists. Long v. Yingling, 700 A.2d 508, 512 (Pa. Super. 1997).
In response to a motion for summary judgment, the non-moving party may not rest upon the pleadings, but must set forth specific facts demonstrating a genuine issue for trial. Phaff v. Gerner, 451 Pa. 146, 303 A.2d 826 (1973). Failure to allege such specific facts will result in summary judgment, if appropriate, against the non-moving party. Pa.R.C.P. 1035.3; Overly v. Kass, 554 A.2d 970 (Pa. Super. 1989). The court must also accept as true all well-pled facts contained in the non-moving party’s pleadings. Mattia v. Employers Mut. Cos., 440 A.2d 616 (Pa. Super. 1982). The court must ignore contested facts contained in the pleadings and restrict its view to allegations in the pleadings that are uncontroverted and to material filed in support of and in opposition to a motion for summary judgment. Nationwide Mutual Ins. Co. v. Nixon, 682 A.2d 1310, 1313 (Pa. Super. 1996), allocator denied, 693 A.2d 589 (Pa. 1997) (citation omitted).
*339 In the case sub judice, defendants argue that plaintiff does not have standing to bring this suit against the defendants. We agree. It is well-settled in Pennsylvania that an injured third party cannot directly sue a tortfeasor’s insurance company, and is limited to a suit against the tortfeasor. Pennsylvania Department of General Services v. Celli-Flynn, 540 A.2d 1365 (Pa. Cmwlth. 1988). Absent a statutory or policy provision, the plaintiff cannot file suit against the insurer even if the plaintiff was to receive a judgment against the insured. Folmar v. Shaffer, 332 A.2d 821 (Pa. Super. 1974).
One exception to this general rule was recognized in Guy v. Liederbach, 459 A.2d 744 (Pa. 1983), where the Supreme Court allowed the intended beneficiary of a will to recover for legal malpractice, despite the fact that the beneficiary was not in privity of contract with the attorney and was not named as an intended beneficiary of the contract. To be considered a third party beneficiary in this state, it is necessary to show that both parties to the contract had intent to benefit the third party through the contract and did, in fact, explicitly indicate this intent in the contract. Spires v. Hanover Fire Ins. Co., 70 A.2d 828 (Pa. 1950). Another exception to the general rule has been codified in 40 Pa.S. § 117, which authorizes an injured party to bring suit against a liability insurer, premised on the insured’s insolvency. Upon review of the pleadings filed, plaintiff does not allege that she is entitled to sue based on a third party liability status, nor does she allege that the insureds in this case are insolvent triggering 40 Pa.S. § 117.
*340 Furthermore, defendants argue that plaintiff’s claim against them for declaratory judgment cannot be sustained as plaintiff failed to establish an actual controversy and a direct, substantial and present interest in having the insurance contract construed. The Declaratory Judgment Act provides at 42 Pa.C.S.A. § 7532:
Courts of record, within their respective jurisdictions, shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect, and such declarations shall have the force and effect of a final judgment or decree.
The Commonwealth Court in South Whitehall Township v. Commonwealth Dept. of Transportation, 475 A.2d 166 (1984) stated:
“In seeking declaratory relief, a plaintiff must establish an interest which ‘must be a direct, substantial and present interest, as contrasted with a remote or speculative interest.’ For declaratory relief to be appropriate, there must exist an actual controversy.”
Id. at 169 (citations omitted).
In Chester Upland School District v. Commonwealth, 495 A.2d 981 (Pa. Super. 1985), the Commonwealth Court said that “[declaratory judgment is not appropriate to determine rights in anticipation of events which may never occur.”
*341 Here, plaintiff has failed to demonstrate any direct, substantial and present interest on her part in having the insurance contract in question construed, as she has not yet obtained a judgment against any of the defendants in this action. Plaintiff, here, seeks declaratory judgment as to her rights to recover under the insurance contract; however, she is not entitled to such declaratory judgment as none of the insureds have been found liable for any damages. Therefore, plaintiff’s rights to recover under the insurance contract are not ripe for review.
ORDER
And now, this 7th day of April, 2015 upon consideration of defendants National General Assurance Company, GMAC Direct Insurance Company and GMAC Insurance Company Online Inc.’s motion for summary judgment, defendants’ motion is granted.